UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAW DEBENTURE TRUST COMPANY OF NEW YORK, solely in its capacity as Separate Trustee of the Securitized Asset Backed Receivables LLC Trust 2006-WM2,<br><br>Plaintiff,<br><br>v.<br><br>WMC MORTGAGE, LLC f/k/a WMC MORTGAGE CORP.,<br><br>Defendant. | Civil Action No.<br>3:12-CV-1538 (CSH)<br><br><br><br>AUGUST 5, 2014 |

**RULING ON SCHEDULING ORDER**

**HAIGHT, Senior District Judge:**

Following extensive briefing and oral argument, the Court enters this Ruling, which serves as the Scheduling Order called for by Rule 16(b) of the Federal Rules of Civil Procedure.

Certain aspects of the captioned case, wherein Law Debenture Trust Company of New York appears as the party Plaintiff ("the Law Debenture case"), are adjudicated by the Court in its Ruling in the companion cases wherein Deutsche Bank National Trust Company appears as the party Plaintiff ("the Deutsche Bank cases"). Those companion cases bear docket numbers 3:12-cv-933, 3:12-cv-969, 3:12-cv-1699, and 3:13-cv-1347.

Specifically, the Court's Ruling and Scheduling Order entered in the Deutsche Bank cases dated August 4, 2014 [Doc. 125], familiarity with which is assumed, holds that the Law Debenture case will not be consolidated with the Deutsche Bank cases. In consequence, the Court considers

this Rule 16(b) Scheduling Order in the Law Debenture case separately and apart from that Scheduling Order the Court entered in the Deutsche Bank cases.

The subjects covered by Rule 16(b) scheduling orders include the identification of expert witnesses and the manner in which they will be deposed pre-trial.  Counsel for the Law Debenture Trust have subsumed that subject in a motion [Doc. 60] for expedited determination of statistical sampling as evidence in the case, statistical sampling being a principal arena for expert opinions in RMBS cases.  I had occasion to discuss that Law Debenture motion in the scheduling ruling and order in the Deutsche Bank cases, Doc. 125 (slip op.) at 14-15.  WMC has not yet filed responsive papers to Law Debenture's motion.  The Court's ruling on the motion will have a major effect upon the further scheduling of discovery and trial use of expert opinions in this case.  I defer any ruling on expert opinions and testimony until that time.

After consideration of the parties' contentions, as expressed in the joint Supplemental Form 26(f) Report [Doc. 50] and the submissions of counsel at the hearing held on June 19, 2014, the Court makes the following Ruling with respect to scheduling in this case:

   **1.    Completion of Fact Discovery**

The parties shall make the initial disclosures specified in Rule 26(a)(1) as soon as reasonably possible after the entry of this Scheduling Order.  Fact discovery shall commence upon the entry of this Order, and shall be completed nine months after commencement.

   **2.    Expert Discovery**

All scheduling and related orders deferred, for the reasons stated *supra*.

   **3.    Summary Judgment**

If so advised, the parties must file motions for summary judgment 45 days after the close of

fact and expert discovery.  Opposing briefs must be filed 30 days thereafter.  Reply briefs may be filed 14 days after receipt of opposing briefs.  The Court will not consider a self-styled cross-motion for summary judgment that first appears as part of papers opposing an adversary's motion for summary judgment.  After completion of the extensive discovery, fact and expert, contemplated by this Scheduling Order, counsel should be in the position to identify "each claim or defense – or the part of each claim or defense – on which" summary judgment should be granted in their client's favor.  Rule 56(a).

    **4.**    **Joinder of Parties and Amendment of Pleadings**

Amendments to the pleadings or motions relating to the joinder of parties shall be filed within six months after the date on which fact discovery begins; *provided, however*, that after that time, any party may move to amend its pleadings under Rule 15(a)(2) on the ground that new facts or circumstances warrant an amendment.

    **5.**    **Depositions**

Plaintiff is entitled to take up to and including 20 depositions.  Defendant is entitled to take up to and including 20 depositions.

    **6.**    **Damages Analyses**

In cases of this nature, damages analyses and calculations invariably accompany and form a part of the opinions of expert witnesses.  Accordingly, a party's damages analysis must be furnished together with the reports of its retained experts, at the times to be set by the Court in further scheduling orders relating to expert witnesses.

    **7.**    **Document Production**

The production of documents in discovery falls within the direction in ¶ 1 of this Order that

fact discovery "shall be completed nine months after commencement" of fact discovery.

The Court defers at this time any further order about the timing of document production. Fact discovery is now underway. Documents will undoubtedly be demanded in due course. Counsel are expected to deal with each other with mutual good will and respect.

If disputes arise with respect to the relevance or privileged nature of particular documents, or any other issue related to discovery or production, application may be made to the Court.

**Additional Comments:**

The Court's Scheduling Order in the Deutsche Bank cases, at slip op. 17-18, observed that estimates of quantity and time included in such orders are inherently preliminary and subject to modification as the case goes forward. Those observations apply with full force to the Law Debenture case.

The Court notes the representation by counsel for Law Debenture, in the course of his successful opposition to consolidation of that case with the Deutsche Bank cases, that "Plaintiff is willing to coordinate discovery in this case with discovery in the other four actions addressed in the Court's March 31, 2014 ruling, in order to avoid unnecessary duplication." Rule 26 (f) Report, Doc. 50, at 11. The Court commends counsel for the professionalism of that intention, and recommends it – no doubt unnecessarily – to all of the able counsel of record in these companion cases.

The foregoing Ruling, in its entirety, constitutes the Scheduling Order of the Court under Fed. R. Civ. P. 16(b).

It is So Ordered.

Dated:   New Haven, Connecticut
        August 5, 2014                /s/Charles S. Haight, Jr.
                                            CHARLES S. HAIGHT, JR.
                                            Senior United States District Judge