UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAW DEBENTURE TRUST COMPANY OF NEW YORK, solely in its capacity as Separate Trustee of the Securitized Asset Backed Receivables LLC Trust 2006-WM2,<br><br>    Plaintiff,<br>v.<br><br>WMC MORTGAGE, LLC, f/k/a WMC MORTGAGE CORP.,<br><br>    Defendant. | Civil Action No.<br>3:12 - CV - 1538  (CSH)<br><br><br><br><br>AUGUST 11,  2015 |

**RULING ON PLAINTIFF'S APPLICATION TO SUBMIT AMENDED REPORT OF NELSON R. LIPSHUTZ, Ph.D., AN EXPERT WITNESS**

**HAIGHT, Senior District Judge:**

  The most recent submissions of counsel [Docs. 92, 92-1, 93 and 94] have to do with Plaintiff Law Debenture's application to submit an Amended Report of a designated expert witness, Nelson R. Lipshutz, Ph.D., who describes himself as one who specializes "in the application of statistics, economics, and financial theory to legal and regulatory issues." Amended Report [Doc. 92], at ¶ 2. Dr. Lipshutz had submitted an earlier report, and counsel for Defendant WMC has deposed him with respect to it, following the protocols contained in Fed. R. Civ. P. 26(b)(4). In that regard, Dr. Lipshutz's initial report lies at the heart of an expedited *Daubert* motion, now *sub judice* following elaborate briefing and able oral argument.

  These recent exchanges of counsel began with a letter dated July 20, 2015 [Doc. 92-1] from Plaintiff's counsel to the Court, advising the Court and Defendant's counsel about "an error in the

statistical sample" that is the subject of the pending *Daubert* motion. Specifically, counsel advise, Dr. Lipshutz "intended to remove from the total pool of loans, and thus from the random sample, all loans that had been paid in full," but through inadvertence Dr. Lipshutz "did not remove all paid-in-full loans from the pool as intended, and thus paid-in-full loans made their way into his random sample." Wolkoff letter [Doc. 92-1], at 1.

"To correct this error," counsel advises, "Dr. Lipshutz has now generated another random sample of 400 loans from the loan pool, but with all the paid-in-full loans removed from the loan pool using WMC's own data for that exercise." *Id.* Mr. Wolkoff and Dr. Lipshutz protest together that all this is of no consequence whatsoever. Mr. Wolkoff says that Dr. Lipshutz's "inadvertent error has no effect on the statistical methodologies or processes used by Dr. Lipshutz in his work – and therefore has no impact on the *Daubert* issues now pending before the Court. Dr. Lipshutz has merely gone back and correctly removed the paid-in-full loans. Otherwise, everything that he has done remains the same." *Id.* Dr. Lipshutz says that his amended report "draw[s] a new random, statistically significant sample"; he has "now made sure that the paid in full loans have been deleted from the pool"; "[t]he methodology [he has] used to select this sample is identical to the methodology described in [his] report dated November 6, 2014" [his initial report]; and that "this amended report does not alter any of the conclusions or opinions set forth in [his] previous report." Amended Report [Doc. 92], at ¶ 1.

Not surprisingly, counsel for Defendant are not quite so sanguine. Mr. Doornweerd points out correctly [Doc. 93, at 2] that Plaintiff, in order to address Dr. Lipshutz's inadvertent error, "effectively has started over from scratch – Dr. Lipshutz has submitted a new report in support of a new sample of 400 loans," an exercise in damage control (or perhaps more precisely damage

*repair*) arguably at odds with Mr. Wolkoff's professed perception that Dr. Lipshutz's error "has no impact on the *Daubert* issues now pending before the Court." *Id.* Counsel for WMC contend that in these altered circumstances, the Court should without more grant WMC's *Daubert* motion to preclude Dr. Lipshutz's initial report from evidence on the present record, with leave to Law Debenture to "re-submit Dr. Lipshutz's Amended Report pursuant to a schedule regarding expert discovery to be ordered by the Court." *Id.* In the alternative, counsel call for the production by Law Debenture to WMC of "the data upon which Dr. Lipshutz relied" in preparing his Amended Report and Amended Report Sample, followed by a renewed deposition of Dr. Lipshutz by counsel for WMC on those subjects, and with leave to WMC to "make a supplemental filing, which may attach a new expert declaration, in support of its *Daubert* Motion or seek other appropriate relief from the Court." *Id.*, at 3.

Counsel for Law Debenture regard all that as quite unnecessary. As previously noted, Dr. Lipshutz's amended expert report, counsel say, "reflects no change in [his] methodology or approach. All of the calculations applied to the pool of loans from which Dr. Lipschutz selected the sample remain the same. The only change is that Dr. Lipshutz removed some paid in full loans that were inadvertently included in the loan pool." Letter Brief [Doc. 94], at 1. In those circumstances, counsel conclude: "There is no reason for delaying the Court's consideration of WMC's *Daubert* motion. Nor is there any need for further court proceedings." *Id.*

One could detect some degree of tension between counsel's protestation that the error in question was inconsequential and Dr. Lipshutz's decision to construct another random sample of 400 loans and submit an amended report. But that subject need not be further explored because Mr. Wolkoff, in his own alternative suggestion, says that Law Debenture "has offered to make Dr.

3

Lipshutz available for an additional deposition date, and we have produced the data reflecting the 400 loan sample and the pool without the paid in full loans." Doc. 94, at 1. That is a sensible and pragmatic offer, and if I read it correctly, signifies agreement to the alternative resolution suggested by WMC's counsel in Doc. 93, with the sole exception of reserving WMC's option to make a supplemental filing on the *Daubert* issue. I would allow that option in any event. While the attendant delay is regrettable, this manner of proceeding is required to ensure the fairness of an important aspect of the litigation.

In these circumstances, the Court resolves the present application as follows:

1. If such data has not previously been produced, on or before **August 18, 2015**, Law Debenture must produce to WMC the data upon which Dr. Lipshutz relied in preparing his Amended Report.

2. On or before **September 11, 2015**, WMC may take a further deposition of Dr. Lipshutz, confined to the subjects specified in ¶ 2 on page 3 of WMC's Letter Brief, Doc. 93.

3. If so advised, counsel for WMC may make a further written submission on the *Daubert* motion on or before **September 18, 2015**. If such filing is made, counsel for Law Debenture may, if so advised, reply to it by written submission on or before **September 25, 2015**.

The foregoing is SO ORDERED.

Dated:   New Haven, Connecticut
         August 11, 2015

                                                          */s/Charles S. Haight, Jr.*
                                                          CHARLES S. HAIGHT, JR.
                                                          Senior United States District Judge