# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| TMI TRUST COMPANY, solely in its capacity as Separate Trustee of the SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-WM2 (SABR 2006-WM2),<br><br>Plaintiff,<br><br>v.<br><br>WMC MORTGAGE, LLC f/k/a WMC MORTGAGE CORP.,<br><br>Defendant. | Civil Action No.<br>3:12-cv-01538 (CSH) |

## WMC MORTGAGE, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE SAMPLING

Anthony M. Fitzgerald (ct04167)
Howard K. Levine (ct10555)
CARMODY TORRANCE
SANDAK & HENNESSEY LLP
195 Church St., 18th Floor
New Haven, CT 06509
Phone: 203 777-5501
Fax: 203 784-3199

Barbara S. Steiner (*pro hac vice*)
Megan B. Poetzel (*pro hac vice*)
Michael A. Doornweerd (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
Phone: 312 222-9350
Fax: 312 527-0484

Matthew S. Hellman (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Ave NW
Washington, DC 20001-4412
Phone: 202 639-6000
Fax: 202 639-6066

*Attorneys for Defendant WMC Mortgage, LLC*

ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

BACKGROUND ..................................................................................................................1

LEGAL STANDARD............................................................................................................3

ARGUMENT........................................................................................................................4

CONCLUSION.....................................................................................................................6

i

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*,
   652 F. Supp. 1400 (D. Md. 1987) ............................................................................................. 3

*BlackRock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n* (*Blackrock v. Wells Fargo II*),
   No. 14-cv09371 (KPF) (SN), 2017 WL 3610511 (S.D.N.Y. Aug. 21, 2017) ........................... 4, 5

*BlackRock Allocation Target Shares v. Wells Fargo Bank, Nat'l Ass'n* (*BlackRock v. Wells Fargo I*),
   No. 14-cv-09371 (KPF) (SN), 2017 WL 953550 (S.D.N.Y. Mar. 10, 2017) ............................. 5, 6

*Hannah v. Wal-Mart Stores, Inc.*,
   No. 3:12-cv-01361, 2017 WL 690179 (D. Conn. Feb. 21, 2017) ............................................. 3, 4

*Highland Capital Mgmt., L.P. v. Schneider* (*Highland I*),
   379 F. Supp. 2d 461 (S.D.N.Y. 2005) ........................................................................................ 4

*Highland Capital Mgmt., L.P. v. Schneider* (*Highland II*),
   551 F. Supp. 2d 173 (S.D.N.Y. 2008) ........................................................................................ 3

*Law Debenture Tr. Co. of N.Y. v. WMC Mortg., LLC*,
   No. 3:12-cv-1538 (CSH), 2017 WL 3401254 (D. Conn. Aug. 8, 2017) ................................... 3, 7

*Levinson v. Westport Nat'l Bank*,
   No. 3:09-cv-1955 (VLB), 2013 WL 3280013 (D. Conn. June 27, 2013) ................................... 4

*Luce v. United States*,
   469 U.S. 38 (1984) ..................................................................................................................... 4

*Palmieri v. Defaria*,
   88 F.3d 136 (2d Cir. 1996) ......................................................................................................... 3

*W. and S. Life Ins. Co. v. Bank of N.Y. Mellon* (*Western Findings of Fact and Conclusions of Law*),
   No. A1302490, 2017 WL 3392855 (Ct. C.P. Ohio Aug. 4, 2017) ............................................ 5, 6

*W. and S. Life Ins. Co. v. Bank of N.Y. Mellon* (*Western Trial Order*),
   No. A1302490, 2017 WL 3392856 (Ct. C.P. Ohio Aug. 4, 2017) ............................................ 5

Defendant WMC Mortgage, LLC ("WMC") respectfully submits this Motion *in Limine* to bar Plaintiff TMI Trust Company, solely as Separate Trustee of the Securitized Asset Backed Receivables LLC Trust 2006-WM2 ("TMI," as Separate Trustee of the "Trust"), from relying on statistical sampling to prove liability or damages in this action.

## INTRODUCTION

As the Court is well aware, the parties have previously briefed whether the sole remedy provision of the parties' contract permits TMI to employ statistical sampling in an attempt to prove liability and damages. WMC recognizes that on summary judgment, this Court held that the parties' contract does not bar the use of statistical sampling as a matter of law, even as the Court reserved the question of whether it would ultimately find such evidence persuasive as a factual matter. By its Motion *in Limine*, which this Memorandum supports, WMC both calls to the Court's attention new authority in support of WMC's position as well as preserves its *in limine* argument for appeal.

## BACKGROUND

TMI's proposed expert on sampling, Dr. Nelson R. Lipshutz, Ph.D., stated in his expert report that he "constructed a random sample of 400 loans from the population of loans in the Trust which have not been paid in full." (October 6, 2017 Declaration of Matthew S. Hellman in Support of WMC's Motion *in Limine* to Exclude Sampling ("Hellman Decl."), Ex. A, Amended Report of Nelson R. Lipshutz, Ph.D. ¶ 8, July 20, 2015, Dkt. 92 ("Amended Report").)[1] Dr. Lipshutz then opined that:

> The random sample which I constructed will provide a sound and accepted statistical basis for assessing the extent of WMC's liability and damages. The breach rate determined from the re-underwriting of the random sample will be applied across the pool of loans that have not been paid in full to determine losses and damages.

(*Id.* ¶ 20.)

On February 17, 2015, WMC filed a *Daubert* motion to exclude or limit the testimony of Dr. Lipshutz as barred by the parties' Pooling and Servicing Agreement ("PSA"). (*See* Hellman Decl.,

---

[1] Dr. Lipshutz amended his report multiple times; the operative report is the amended second report, which was filed on July 20, 2015.

1

Ex. B, WMC's Mem. in Supp. of its Mot. to Exclude the Test. of Dr. Lipshutz at 1, n.1, Feb. 17, 2015, Dkt. 75 ("WMC's *Daubert* Brief").) There, WMC asserted that "the PSA bars the use of sampling because it requires proof of *each* supposed breach for *each* loan in order to determine *each* corresponding Repurchase Price." (*Id.* at 7.) When TMI's predecessor asserted that it was inappropriate for this Court to decide this issue as part of WMC's early *Daubert* motion, WMC suggested that its *Daubert* argument "be treated as a motion in limine, and exclude [Dr. Lipshutz's] testimony." (*See* Hellman Decl., Ex. C, Law Debenture's Mem. in Opp'n of WMC's Mot. to Exclude the Test. of Dr. Lipshutz at 4-5, Mar. 16, 2015, Dkt. 77; Ex. D, WMC's Reply Mem. in Supp. of its Mot. to Exclude the Test. of Dr. Lipshutz at 5, n.8, Apr. 6, 2015, Dkt. 79 ("WMC's *Daubert* Reply Brief").) In a subsequent Scheduling Order, the Court stated "the better practice is to require WMC to make a separate, free-standing motion in limine if it wishes to press the sole remedy theory (as I suspect it does)." (*See* Hellman Decl., Ex. E, Mem. & Scheduling Order at 5, May 22, 2015, Dkt. No. 84.)

On December 16, 2016, WMC moved for summary judgment as to all at-issue loans as to which TMI has not provided notice of material breach nor proffered evidence that WMC actually discovered such a material breach under section 2.03 of the PSA. (*See* Hellman Decl., Ex. F, WMC's Mot. for Partial Summ. J. at 1, 11-21, Dec. 16, 2016, Dkt. 136 ("WMC's SJ Brief").) In support of that argument, WMC asserted that the loan-by-loan repurchase protocol set forth by the PSA's sole remedy clause imposes "individualized, loan-specific" notice or discovery requirements, and that TMI must provide evidence of loan-by-loan notice or actual discovery of material breach. (*See* Hellman Decl., Ex. G, WMC's Reply in Supp. of its Mot. for Partial Summ. J. at 2, Feb. 14, 2017, Dkt. 150 ("WMC's SJ Reply Brief").) WMC further contended that although proving liability and damages through sampling is inconsistent with the PSA's sole remedy provision, at minimum the Court should

2

hold that TMI could not use sampling to satisfy the PSA's notice or discovery requirements. (*Id.* at 3-4.)

In August 2017, this Court denied WMC's Motion for Partial Summary Judgment, and although WMC had not then filed any motion *in limine*, the Court stated that its Ruling served as an "*in limine* pre-trial Ruling [that] allows Law Debenture to try to prove its case at trial by statistical sampling, and rejects WMC's efforts to prevent Law Debenture from making that effort or limiting the number of loans that may be sampled." (*See* Hellman Decl., Ex. H, *Law Debenture Tr. Co. of N.Y. v. WMC Mortg., LLC*, No. 3:12-cv-1538 (CSH), 2017 WL 3401254, at *21 (D. Conn. Aug. 8, 2017).[2])

As WMC has not previously expressly moved *in limine* on this issue, WMC makes this Motion for the purpose of ensuring that it preserves its right to appeal on the issue, while also bringing to the Court's attention new authority in support of WMC's position.

## LEGAL STANDARD

A motion *in limine* is a pre-trial tool that may be utilized "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *See Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (citing *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987)).  A district court has the inherent authority to direct the course of trial, and this authority includes the right to rule on motions *in limine*. *Hannah v. Wal-Mart Stores, Inc.*, No. 3:12-cv-01361, 2017 WL 690179, at *2 (D. Conn. Feb. 21, 2017) (citing *Highland Capital Mgmt., L.P. v. Schneider* (*Highland II*), 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008)). A motion *in limine* should be granted when the evidence is clearly inadmissible on all potential

---

[2] While this Court ruled that Law Debenture (now TMI) is allowed to "prove its case at trial by statistical sampling," the Court "stress[ed] again the limited nature of this Ruling," noting that it "intimate[d] no view . . . about any aspect of the merits."  *See Law Debenture Tr. Co.*, 2017 WL 3401254, at *21.

3

grounds. *Hannah*, 2017 WL 690179, at *2 (citing *Levinson v. Westport Nat'l Bank*, No. 3:09-cv-1955 (VLB), 2013 WL 3280013, at *3 (D. Conn. June 27, 2013)). A court's ruling *in limine* "is subject to change when the case unfolds." *Highland Capital Mgmt., L.P. v. Schneider* (*Highland I*), 379 F. Supp. 2d 461, 467 (S.D.N.Y. 2005) (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984)).

## ARGUMENT

WMC respectfully requests that this Court rule that TMI's proposed use of sampling is inconsistent with TMI's sole remedy under the PSA. The PSA bars the use of sampling with respect to the PSA's individualized notice or discovery requirements, and it bars the use of sampling to prove liability and damages under the contract. WMC hereby incorporates by reference its previous arguments on this issue.[3] Further, WMC also notes that two recent trial court decisions (one decided just days before this Court ruled on WMC's Motion for Partial Summary Judgment and one decided thereafter) provide additional support for WMC's position.

*First*, in a case brought by dozens of RMBS certificateholders against the trustee, Judge Failla of the Southern District of New York agreed with the finding of a magistrate judge that sampling was barred by a materially identical sole remedy provision of the parties' contract.[4] In rejecting the RMBS certificateholders' objections to the magistrate judge's ruling, Judge Failla held that "it remains the law in RMBS cases of this kind that [t]o prevail ultimately on the breach of contract claim, a plaintiff does have to demonstrate breach on a loan-by-loan and trust-by-trust basis." *See BlackRock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n* (*Blackrock v. Wells Fargo II*), No. 14-cv09371 (KPF) (SN), 2017 WL 3610511, at *7 (S.D.N.Y. Aug. 21, 2017) (citations

---

[3] *See, e.g.*, Hellman Decl., Ex. I, WMC's Motion to Dismiss, Feb. 8, 2013, Dkt. 39; Ex. B, WMC's *Daubert* Brief; Ex. D, WMC's *Daubert* Reply Brief; Ex. J, WMC's Supp. Mem. in Supp. of its Mot. to Exclude the Test. of Dr. Lipshutz, June 12, 2015, Dkt. 90; Ex. K, WMC's Second Supp. Mem. in Supp. of its Mot. to Exclude the Test. of Dr. Lipshutz, Sept. 18, 2015, Dkt. 104; Ex. F, WMC's SJ Brief; Ex. G, WMC's SJ Reply Brief; Ex. L, Hellman Letter to Judge Haight, Mar. 23, 2017, Dkt. 161 ("Hellman Letter I"); Ex. M, Hellman Letter to Judge Haight, Apr. 6, 2017, Dkt. 164 ("Hellman Letter II").

[4] For further background regarding Magistrate Judge Netburn's March 2017 sampling opinion, *see* Hellman Decl., Ex. L, Hellman Letter I (explaining that the PSAs at-issue in *BlackRock v. Wells Fargo* are materially similar to the PSA in this action, and require "loan-by-loan" proof of breach), and Ex. M, Hellman Letter II.

and internal quotation marks omitted).  After noting that the magistrate judge had explained that "'[i]t is not clear how sampling can show that after performing an investigation, [Defendant] would have located the *specific* breaching loans outside of a sample based on the existence and rate of defective loans within the given sample,'" Judge Failla stated that she found no error in the magistrate judge's "thorough reasoning."  *Id.* at *10-11 (quoting *BlackRock Allocation Target Shares v. Wells Fargo Bank, Nat'l Ass'n* (*BlackRock v. Wells Fargo I*), No. 14-cv-09371 (KPF) (SN), 2017 WL 953550, at *9 (S.D.N.Y. Mar. 10, 2017)  (emphasis in original)).

*Second*, following a bench trial in another similar case—investors accused the trustee of PSA breaches—an Ohio court ruled in favor of the trustee, noting that the use of sampling was "impermissible" when per the parties' materially identical contract, breaches of representations and warranties must be proven on a loan-by-loan basis.  *See W. and S. Life Ins. Co. v. Bank of N.Y. Mellon* (*Western Findings of Fact and Conclusions of Law*), No. A1302490, 2017 WL 3392855, at *10 (Ct. C.P. Ohio Aug. 4, 2017) (citing *BlackRock v. Wells Fargo I*, 2017 WL 953550, at *5); *W. and S. Life Ins. Co. v. Bank of N.Y. Mellon* (*Western Trial Order*), No. A1302490, 2017 WL 3392856 (Ct. C.P. Ohio Aug. 4, 2017).[5]  In that case, the court endorsed the argument WMC advances here, reasoning that plaintiff's claims required loan-by-loan review to determine breaches of representations and warranties, and whether those breaches, if any, had a material and adverse effect.  *See Western Trial Order*, 2017 WL 3392856, at *3.

Although the court concluded that ultimately it did not need to decide the sampling issue because the plaintiff's claims were barred on other grounds, the court persuasively explained why sampling is inappropriate in the circumstances present here.  *Id.* at *4.  Noting that sampling is "not the best evidence," the court added that "[t]o determine if a given loan file or mortgage file has

---

[5] The *Western Trial Order* is written as a letter directed to the parties.  As the court explained, it "signed the Findings of Fact and Conclusions of Law submitted by the defendant with some changes," and it issued the *Western Trial Order* as "a supplement to the Findings of Fact and Conclusions of Law and not in substitution of those Findings and Conclusions."  *Western Trial Order*, 2017 WL 3392856, at *1.

document issues and whether the loan is performing requires a loan by loan review. . . . There is simply no other way to do this other than loan by loan." *Id.* The court explained that "a breach in one loan says nothing about a breach in another, much less whether that breach has a 'material and adverse' effect on Certificateholders." *See Western Findings of Fact and Conclusions of Law*, 2017 WL 3392855, at *10 (citing *BlackRock v. Wells Fargo I*, 2017 WL 953550, at *5 ("The materiality of an R&W breach is also loan-specific.")).

\* \* \*

WMC respectfully asserts, consistent with the above-described authority, that TMI's proposed use of sampling is inconsistent with TMI's sole remedy under the PSA.

## CONCLUSION

For the foregoing reasons, WMC respectfully requests an *in limine* ruling that TMI's proposed use of sampling is inconsistent with TMI's sole remedy under the PSA and that the Court should therefore exclude any evidence of liability or damages based upon sampling.

Dated: October 6, 2017

Respectfully submitted,

**CARMODY TORRANCE SANDAK & HENNESSEY LLP**

 /s/ Howard K. Levine

| | |
|---|---|
| Anthony M. Fitzgerald (ct04167) | Barbara S. Steiner (*pro hac vice*) |
| Howard K. Levine (ct10555) | Megan B. Poetzel (*pro hac vice*) |
| CARMODY TORRANCE SANDAK & HENNESSEY LLP | Michael A. Doornweerd (*pro hac vice*) |
| | JENNER & BLOCK LLP |
| 195 Church St., 18th Floor | 353 N. Clark St. |
| New Haven, CT 06509 | Chicago, IL 60654 |
| Phone: 203 777-5501 | Phone: 312 222-9350 |
| Fax: 203 784-3199 | Fax: 312 527-0484 |

Matthew S. Hellman (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Ave NW
Washington, DC 20001-4412
Phone: 202 639-6000
Fax: 202 639-6066

*Attorneys for Defendant WMC Mortgage, LLC*

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October, 2017, the foregoing **WMC MORTGAGE, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE SAMPLING** was filed electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the court's CM/ECF System.

/s/ Howard K. Levine
Howard K. Levine (ct10555)
Carmody Torrance Sandak & Hennessey LLP
195 Church Street
P.O. Box 1950
New Haven, CT  06509-1950
Tel:  203-777-5501
Fax:  203-784-3199
E-mail:  hlevine@carmodylaw.com