# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| TMI TRUST COMPANY, solely in its capacity as Separate Trustee of the SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-WM2 (SABR 2006-WM2), <br><br> Plaintiff, <br><br> v. <br><br> WMC MORTGAGE, LLC f/k/a WMC MORTGAGE CORP., <br><br> Defendant. | Civil Action No. 3:12-cv-01538 (CSH) |

## WMC MORTGAGE, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE THE EXPERT TESTIMONY OF NIGEL D. BRAZIER

Anthony M. Fitzgerald (ct04167)
Howard K. Levine (ct10555)
CARMODY TORRANCE
SANDAK & HENNESSEY LLP
195 Church St., 18th Floor
New Haven, CT 06509
Phone: 203 777-5501
Fax: 203 784-3199

Barbara S. Steiner (*pro hac vice*)
Megan B. Poetzel (*pro hac vice*)
Michael A. Doornweerd (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
Phone: 312 222-9350
Fax: 312 527-0484

Matthew S. Hellman (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Ave NW
Washington, DC 20001-4412
Phone: 202 639-6000
Fax: 202 639-6066

*Attorneys for Defendant WMC Mortgage, LLC*

ORAL ARGUMENT REQUESTED

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

BACKGROUND ..................................................................................................................2

LEGAL STANDARD............................................................................................................6

ARGUMENT ......................................................................................................................6

CONCLUSION....................................................................................................................8

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Amorgianos v. Nat'l R.R. Passenger Corp.*,
   303 F.3d 256 (2d Cir. 2002)........................................................................................6

*Cross Commerce Media, Inc. v. Collective, Inc.*,
   No. 13-cv-2754 (KBF), 2014 WL 11343849 (S.D.N.Y. Aug. 21, 2014),
   *vacated in part on other grounds*, 841 F.3d 155 (2d Cir. 2016)................................8

*EEOC v. Bloomberg L.P.*,
   Civ. No. 07–8383(LAP), 2010 WL 3466370 (S.D.N.Y. Aug. 31, 2010) .................................7

*Faulkner v. Arista Records LLC*,
   46 F. Supp. 3d 365 (S.D.N.Y. 2014)........................................................................7

*Gen. Elec. Co. v. Joiner*,
   522 U.S. 136 (1997)....................................................................................................6

*Rowe Entm't, Inc. v. William Morris Agency, Inc.*,
   No. 98 CIV, 8272(RPP), 2003 WL 22124991 (S.D.N.Y. Sept. 25, 2003) ...............8

*U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 3, AFL-CIO*,
   313 F. Supp. 2d 213 (S.D.N.Y. 2004)......................................................................8

OTHER AUTHORITIES

Fed. R. Evid. 702 ...................................................................................................6, 7

WMC Mortgage, LLC ("WMC") respectfully submits this memorandum in support of its motion to exclude the expert testimony of Mr. Nigel D. Brazier, a servicing expert of Plaintiff TMI Trust Company, solely as Separate Trustee of the Securitized Asset Backed Receivables LLC Trust 2006-WM2 ("TMI," as Separate Trustee of the "Trust").

## INTRODUCTION

As WMC has explained in its contemporaneously filed Motion to Partially Exclude the Expert Damages Testimony of Dr. Joseph Mason ("Mason *Daubert*"), this Court should deny TMI's claims for extra-contractual "Rescissory Damages" and "Benefit of the Bargain Damages" in light of the contract's sole remedy provision.  (Mason *Daubert* 9-13.)  To the extent that this Court considers those alternative damages theories, however, then TMI must prove causation like any other plaintiff.[1]  That is, TMI must prove that the breaches it alleges actually caused a loss. TMI has adduced *no* affirmative evidence of causation.  In contrast, in the event that the Court permits TMI to pursue its alternative damages theories, WMC will be offering expert testimony that the losses that TMI claims can be explained by causes unrelated to the alleged breaches of WMC's representations and warranties.  This Motion addresses certain of the opinions of Mr. Brazier, which TMI may offer to attempt to rebut WMC's expert testimony establishing the alternative causes of the Trust's losses.

████████████████████████████████████████████

████████████████████████████████████████████

---

[1] As WMC explains in the Mason *Daubert*, under the weight of current authority interpreting contracts with sole-remedies clauses requiring that a breach "materially and adversely affect[] the value" of a loan or the interests of certificateholders therein, TMI does not need to prove that the breach asserted caused a loan to default to the extent that it seeks to recover under the contractual repurchase remedy.  That remedy requires TMI to prove that the breach is material in the sense that it substantially increased the *risk* of loss on the loan; but TMI need not prove the breach *actually* caused a loss.  (Mason *Daubert* 21-22.)

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████

    ████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████    ████████████    Because Mr. Brazier's analysis on this question is based on insufficient data, it is unreliable, will not assist the Court, and should be excluded.

## BACKGROUND

    ████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████   ██████   █████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████

    ███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████

---

2 The Servicer is the entity charged with "servic[ing] and administer[ing]" the loans "[f]or and on behalf the [Trust's] Certificateholders" under the parties' Pooling and Servicing Agreement ("PSA").  (Hellman Decl., Ex. A, Olasov Report ¶ 49 (quoting PSA § 3.01).)  The Mortgage Loans were initially serviced by HomEQ Servicing Corp. ("HomEQ") and later by HomEQ's successor, Ocwen Loan Servicing LLP ("Ocwen").  (Hellman Decl., Ex. B, Expert Report of Ronald F. Greenspan, at 3, n.2, Aug. 19, 2016 ("Greenspan Report").)  This Memorandum refers to both entities collectively as the Servicer.



████████████████████████████████████████████████████

████████████████████████████████████

## LEGAL STANDARD

The proponent of expert testimony must establish by a preponderance of the evidence that the testimony (1) "will help the trier of fact" and that (2) "the testimony is based on sufficient facts or data," (3) "the testimony is the product of reliable principles and methods," and (4) "the expert has reliably applied the principles and methods to the facts of the case."  Fed. R. Evid. 702; *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002).  "[W]hen an expert opinion is based on data" or "a methodology, . . . that [is] simply inadequate to support the conclusions reached, *Daubert* and Rule 702 mandate the exclusion of that unreliable opinion testimony."  *Id.* at 266.  The district court should not "admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert."  *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

## ARGUMENT

Mr. Brazier's opinion ███████████████████████ is unreliable and will not assist the Court. Mr. Brazier's opinion, ████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ is unreliable because it is premised on a basic misunderstanding of Mr. Olasov's opinion and rests on inadequate data.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████

            ██████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████

## CONCLUSION

For the foregoing reasons, WMC respectfully submits that this Court should exclude the expert opinions of Mr. Nigel Brazier.

8

Dated: October 6, 2017

Respectfully submitted,

**CARMODY TORRANCE SANDAK &
HENNESSEY LLP**

 /s/ Howard K. Levine

Anthony M. Fitzgerald (ct04167)
Howard K. Levine (ct10555)
CARMODY TORRANCE
SANDAK & HENNESSEY LLP
195 Church St., 18th Floor
New Haven, CT 06509
Phone: 203 777-5501
Fax: 203 784-3199

Barbara S. Steiner (*pro hac vice*)
Megan B. Poetzel (*pro hac vice*)
Michael A. Doornweerd (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
Phone: 312 222-9350
Fax: 312 527-0484

Matthew S. Hellman (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Ave NW
Washington, DC 20001-4412
Phone: 202 639-6000
Fax: 202 639-6066

*Attorneys for Defendant WMC Mortgage, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October, 2017, the foregoing **WMC MORTGAGE,**

**LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE THE EXPERT**

**TESTIMONY OF NIGEL D. BRAZIER** was filed electronically via the Court's CM/ECF

system.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's

electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may

access this filing through the court's CM/ECF System.


/s/ Howard K. Levine
Howard K. Levine (ct10555)
Carmody Torrance Sandak & Hennessey LLP
195 Church Street
P.O. Box 1950
New Haven, CT  06509-1950
Tel:  203-777-5501
Fax:  203-784-3199
E-mail:  hlevine@carmodylaw.com