# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| TMI TRUST COMPANY, solely in its capacity as Separate Trustee of the SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-WM2 (SABR 2006-WM2),<br><br>Plaintiff,<br><br>v.<br><br>WMC MORTGAGE, LLC f/k/a WMC MORTGAGE CORP.,<br><br>Defendant. | Civil Action No.<br>3:12-cv-01538 (CSH) |

## WMC MORTGAGE, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE THE EXPERT TESTIMONY OF PETER M. ROSS

Anthony M. Fitzgerald (ct04167)
Howard K. Levine (ct10555)
CARMODY TORRANCE
SANDAK & HENNESSEY LLP
195 Church St., 18th Floor
New Haven, CT 06509
Phone: 203 777-5501
Fax: 203 784-3199

Barbara S. Steiner (*pro hac vice*)
Megan B. Poetzel (*pro hac vice*)
Michael A. Doornweerd (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
Phone: 312 222-9350
Fax: 312 527-0484

Matthew S. Hellman (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Ave NW
Washington, DC 20001-4412
Phone: 202 639-6000
Fax: 202 639-6066

*Attorneys for Defendant WMC Mortgage, LLC*

ORAL ARGUMENT REQUESTED

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................1

BACKGROUND .....................................................................................................................2

I.     The Servicing Standard. ..............................................................................................2

II.    Relevant WMC Expert Opinions ................................................................................4

III.   Expert Opinion of Peter Ross ......................................................................................5

LEGAL STANDARD................................................................................................................7

ARGUMENT ............................................................................................................................8

I.     Mr. Ross's Opinion ████████████████████████ Is
Unreliable Because It Is Contrary to the Plain Language of the PSA. ...............................8

II.    Mr. Ross's Opinion Is Unreliable Because It Is Not Based on Sufficient Data. .................9

CONCLUSION.......................................................................................................................13

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Amorgianos v. Nat'l R.R. Passenger Corp.*,
   303 F.3d 256 (2d Cir. 2002)..................................................................................................7

*Baker v. Urban Outfitters, Inc.*,
   254 F. Supp. 2d 346 (S.D.N.Y. 2003)..................................................................................12

*Berk v. St. Vincent's Hosp. & Med. Ctr.*,
   380 F. Supp. 2d 334 (S.D.N.Y. 2005)..................................................................................12

*Cross Commerce Media, Inc. v. Collective, Inc.*,
   No. 13-cv-2754 (KBF), 2014 WL 11343849 (S.D.N.Y. Aug. 21, 2014),
   *vacated in part on other grounds*, 841 F.3d 155 (2d Cir. 2016)..............................................10

*EEOC v. Bloomberg L.P.*,
   Civ. No. 07–8383 (LAP), 2010 WL 3466370 (S.D.N.Y. Aug. 31, 2010) ................................9

*Faulkner v. Arista Records LLC*,
   46 F. Supp. 3d 365 (S.D.N.Y. 2014)......................................................................................9

*Gen. Elec. Co. v. Joiner*,
   522 U.S. 136 (1997).........................................................................................................7, 9

*Holowecki v. Fed. Express Corp.*,
   644 F. Supp. 2d 338 (S.D.N.Y. 2009).............................................................................9, 12

*Malletier v. Dooney & Bourke, Inc.*,
   525 F. Supp. 2d 558 (S.D.N.Y. 2007)....................................................................................9

*Rowe Entm't, Inc. v. Williams Morris Agency, Inc.*,
   No. 98 CIV, 8272 (RPP), 2003 WL 22124991 (S.D.N.Y. Sept. 25, 2003) ............................10

*U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 3, AFL-CIO*,
   313 F. Supp. 2d 213 (S.D.N.Y. 2004)..................................................................................10

**OTHER AUTHORITIES**

Fed. R. Evid. 702 ........................................................................................................................7, 9

WMC Mortgage, LLC ("WMC") respectfully submits this memorandum in support of its motion to exclude the expert testimony of Mr. Peter M. Ross, a servicing expert of Plaintiff TMI Trust Company, solely as Separate Trustee of the Securitized Asset Backed Receivables LLC Trust 2006-WM2 ("TMI," as Separate Trustee of the "Trust").

## INTRODUCTION

As WMC has explained in its contemporaneously filed Motion to Partially Exclude the Expert Damages Testimony of Dr. Joseph Mason ("Mason *Daubert*"), this Court should deny TMI's claims for extra-contractual "Rescissory Damages" and "Benefit of the Bargain Damages" in light of the contract's sole remedy provision. (Mason *Daubert* 9-13.) To the extent that this Court considers those alternative damages theories, however, then TMI must prove causation like any other plaintiff.[1] That is, TMI must prove that the breaches it alleges actually caused a loss. TMI has adduced *no* affirmative evidence of causation. In contrast, in the event that the Court permits TMI to pursue its alternative damages theories, WMC will be offering expert testimony that the losses that TMI claims can be explained by causes unrelated to the alleged breaches of WMC's representations and warranties. This Motion addresses the opinions of Mr. Ross, which TMI may offer to attempt to rebut WMC's expert testimony establishing the alternative causes of the Trust's losses.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

---

[1] As WMC explains in the Mason *Daubert*, under the weight of current authority interpreting contracts with sole remedies clauses requiring that a breach "materially and adversely affect[] the value" of a loan or the interests of certificateholders therein, TMI does not need to prove that the breach asserted caused a loan to default to the extent that it seeks to recover under the contractual repurchase remedy. That remedy requires TMI to prove that the breach is material in the sense that it substantially increased the *risk* of loss on the loan; but TMI need not prove the breach *actually* caused a loss. (Mason *Daubert* 21-22.)

1

███████████████████████████████████████████████

The Court should exclude that sweeping testimony of Mr. Ross as unreliable. ████

███████████████████████████████████████████████

Moreover, Mr. Ross's conclusions lack any foundation. ████

███████████████████████████████████████████████ In these circumstances, Mr. Ross's opinions are not only without contractual support, but also without a sufficient factual basis.

## BACKGROUND

### I.   The Servicing Standard.

The parties' rights and responsibilities are governed by the Pooling and Servicing Agreement. (*See* October 6, 2017 Declaration of Matthew S. Hellman in Support of WMC's Motion to Exclude the Expert Testimony of Peter M. Ross ("Hellman Decl."), Ex. A, Pooling and

2

Servicing Agreement for Securitized Asset Backed Receivables LLC Trust 2006-WM2 dated as of October 1, 2006 ("PSA").) The PSA also sets out the rights and responsibilities for the Trustee's "Servicer,"[2] which is the entity charged with "service[ing] and administer[ing]" the loans. (*Id.* § 3.01.) The relevant language provides:

> Section 3.01. Servicer to Service Mortgage Loans. (a) For and on behalf of the Certificateholders, the Servicer shall service and administer the Mortgage Loans in accordance with the terms of this Agreement and the respective Mortgage Loans and, to the extent consistent with such terms, *in the same manner in which it services and administers similar mortgage loans for its own portfolio, giving due consideration to customary and usual standards of practice of mortgage lenders and loan servicers administering similar mortgage loans* . . . .
>
> *To the extent consistent with the foregoing, [] the Servicer shall seek to maximize the timely and complete recovery of principal and interest on the Mortgage Notes.*

(*Id.* (emphasis added).)



---

[2] The Mortgage Loans were initially serviced by HomEQ Servicing Corp. ("HomEQ") and later by HomEQ's successor, Ocwen Loan Servicing LLP ("Owcen," and collectively, the "Servicer"). (Hellman Decl., Ex. B, Expert Report of Ronald F. Greenspan at 3 n.2., Aug. 19, 2016 ("Greenspan Report"); Ex. C, Expert Report of Brian Olasov ¶ 46, May 20, 2016 ("Olasov Report").)

[redacted]

## II. Relevant WMC Expert Opinions

[redacted]

5

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
██████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████

### III.   Expert Opinion of Peter Ross

TMI has indicated that it may tender the expert opinion of Mr. Ross to rebut Mr. Olasov's

opinions ████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████



███████████████████████████████████████████████████

███████████████████████████████████████████████

### LEGAL STANDARD

The proponent of expert testimony must establish by a preponderance of the evidence that the testimony (1) "will help the trier of fact" and that (2) "the testimony is based on sufficient facts or data," (3) "the testimony is the product of reliable principles and methods," and (4) "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702; *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002). "[W]hen an expert opinion is based on data" or "a methodology . . . that [is] simply inadequate to support the conclusions reached, Daubert and Rule 702 mandate the exclusion of that unreliable opinion testimony." Id. at 266. The district court should not "admit opinion evidence that is connected to existing data only by the ipse dixit of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

Expert testimony cannot "help the trier of fact" when premised on assumptions that are incorrect as a matter of law. (See Hellman Decl., Ex. H, Opinion & Order Granting WMC's Motion in Limine, Bank of N.Y. Mellon v. WMC Mortg. LLC, No. 1:12-cv-07096-DLC, at 20 (S.D.N.Y. Aug. 18, 2015), Dkt. 323 ("Because Crisafulli's opinions on damages rest on the incorrect assumption that the contractual Purchase Price does not provide the proper measure of equitable monetary relief, his testimony and opinions cannot 'help the trier of fact to . . . determine a fact in issue,' Fed. R. Evid. 702(a), and must be excluded.").)

## ARGUMENT

**I.     Mr. Ross's Opinion ████████████████████████████████████████ Is Unreliable Because It Is Contrary to the Plain Language of the PSA.**

Mr. Ross's opinion ██████████████████ ignores the plain language of the PSA ██

████████████████████████████████████████████████

The PSA provides that the Servicer shall service the Trust's loans in the same manner in which it services similar mortgage loans which the Servicer owns, and, if "consistent with the foregoing," the Servicer "shall seek to maximize the timely and complete recovery of principal and interest on the mortgage notes." (Hellman Decl., Ex. A, PSA § 3.01.) ████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████

     ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████

     ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████   ██████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████

**II.     Mr. Ross's Opinion Is Unreliable Because It Is Not Based on Sufficient Data.**

In addition ████████████████████████████████████████ Mr. Ross's opinion ██████████████████████████ is also unreliable because it is not based on sufficient data.

Expert testimony is inadmissible where it does not rest on "sufficient facts or data." Fed. R. Evid. 702. As district courts in the Second Circuit have repeatedly held, expert testimony is inadmissible where it is based on only partial information, particularly where, as here, the expert made "no effort to ensure that the materials that he reviewed were representative." *EEOC v. Bloomberg L.P.*, Civ. No. 07–8383 (LAP), 2010 WL 3466370, at *14 (S.D.N.Y. Aug. 31, 2010). *See also Faulkner v. Arista Records LLC*, 46 F. Supp. 3d 365, 381 (S.D.N.Y. 2014) ("By not confirming that the records he reviewed were representative of Arista's production, Mr. Coleman's opinion that the records were 'abysmal', among other things, is based on insufficient facts and data."); *U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 3, AFL-CIO*, 313 F.

9

Supp. 2d 213, 233-35 (S.D.N.Y. 2004) (excluding data sample even where expert analyzed all the data provided to him by counsel because "plaintiffs are unable to establish that the data set utilized by [expert] was unbiased" and observing that "the reliability of any analysis depends upon an unbiased selection of sample data"); *Rowe Entm't, Inc. v. Williams Morris Agency, Inc.*, No. 98 CIV, 8272 (RPP), 2003 WL 22124991, at *3 (S.D.N.Y. Sept. 25, 2003) ("When he made the decision to utilize the . . . contracts which . . . Plaintiffs' legal team had selected for copying, Dr. Jaynes failed to . . . maintain professional autonomy, i.e., the same objectivity as he would apply in his other studies."); *cf. Cross Commerce Media, Inc. v. Collective, Inc.*, No. 13-cv-2754 (KBF), 2014 WL 11343849, at *10 (S.D.N.Y. Aug. 21, 2014), *vacated in part on other grounds*, 841 F.3d 155 (2d Cir. 2016) (rejecting expert's opinion as unreliable where he identified group of consumer survey respondents as "the correct group, but provide[d] no rationale as to why," instead, leaving the court "only with his *ipse dixit*").

[redacted]

[text redacted]

11



Courts in this Circuit routinely exclude expert testimony that uses "'apples and oranges' comparison[s]" or otherwise ignores relevant data. *Baker v. Urban Outfitters, Inc.*, 254 F. Supp. 2d 346, 354 (S.D.N.Y. 2003); *see also, e.g.*, *Holowecki*, 644 F. Supp. 2d at 360 (excluding statistical analysis based on "inaccurate and misleading" figures that "fail to take into account" the proper data); *Berk v. St. Vincent's Hosp. & Med. Ctr.*, 380 F. Supp. 2d 334, 353 (S.D.N.Y. 2005) (excluding expert report that ignored sworn testimony in the record).

\* \* \*

In short, Mr. Ross's opinion is unreliable and will not assist the Court because it is based on an incorrect reading of the servicing standard and is not based on sufficient, comparable data. It should be excluded.

## CONCLUSION

For the foregoing reason, WMC respectfully submits that this Court should exclude the expert opinions of Mr. Peter Ross.

Dated: October 6, 2017

Respectfully submitted,

**CARMODY TORRANCE SANDAK & HENNESSEY LLP**

 /s/ Howard K. Levine

Anthony M. Fitzgerald (ct04167)
Howard K. Levine (ct10555)
CARMODY TORRANCE
SANDAK & HENNESSEY LLP
195 Church St., 18th Floor
New Haven, CT 06509
Phone: 203 777-5501
Fax: 203 784-3199

Barbara S. Steiner (*pro hac vice*)
Megan B. Poetzel (*pro hac vice*)
Michael A. Doornweerd (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
Phone: 312 222-9350
Fax: 312 527-0484


Matthew S. Hellman (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Ave NW
Washington, DC 20001-4412
Phone: 202 639-6000
Fax: 202 639-6066

*Attorneys for Defendant WMC Mortgage, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October, 2017, the foregoing **WMC MORTGAGE, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE THE EXPERT TESTIMONY OF PETER M. ROSS** was filed electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the court's CM/ECF System.

/s/ Howard K. Levine
Howard K. Levine (ct10555)
Carmody Torrance Sandak & Hennessey LLP
195 Church Street
P.O. Box 1950
New Haven, CT  06509-1950
Tel:  203-777-5501
Fax:  203-784-3199
E-mail:  hlevine@carmodylaw.com