## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| TMI TRUST COMPANY, solely in its capacity as Separate Trustee of the SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-WM2 (SABR 2006-WM2),<br><br>     Plaintiff,<br><br>  v.<br><br>WMC MORTGAGE, LLC f/k/a WMC MORTGAGE CORP.,<br><br>     Defendant. | Case No: 3:12-cv-01538-CSH<br><br><br><br><br><br><br><br><br><br><br><br>OCTOBER 20, 2017 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO WMC'S MOTION *IN LIMINE*
TO EXCLUDE THE EXPERT TESTIMONY OF PETER M. ROSS**

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT ..................................................................................................................................1

I.    Mr. Olasov's Testimony Should Be Excluded, Rendering this Motion Moot ........................1

II.    Mr. Ross Reliably Applied Principles and Methods to the Facts of the Case. ........................3

    A.    Mr. Ross's Standard to Measure the Servicer's Conduct Is Consistent with the PSA ..3

    B.    WMC's Claim that Mr. Ross Reviewed an Insufficient Number of Loans Is Without Merit ..................................................................................................................5

    C.    Mr. Ross's Comparison of the Servicer's Performance on Loans in the Trust to the Servicing of Freddie Mac Loans Is Reliable ................................................................6

CONCLUSION ...............................................................................................................................7

## TABLE OF CONTENTS

                                                                                                              Page

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 1

I.   Mr. Olasov's Testimony Should Be Excluded, Rendering this Motion Moot ........................ 1

II.  Mr. Ross Reliably Applied Principles and Methods to the Facts of the Case. ..................... 3

     A.   ███████████████████████████████████████████████████ . 3

     B.   ███████████████████████████████████████████████████
          ███████ ................................................................................................................. 5

     C.   ███████████████████████████████████████████████████
          █████████████ ..................................................................................................... 6

CONCLUSION ............................................................................................................................... 6

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Deutsche Bank Nat'l Tr. Co. v. Quicken Loans Inc.*,
  810 F.3d 861 (2d Cir. 2015)................................................................................................2

*Gotham Partners, L.P. v Hallwood Realty Partners, L.P.*,
  855 A2d 1059 (Del Ch. 2003)..............................................................................................2

*In re Lehman Bros. Holdings Inc.*,
  855 F.3d 459 (2d Cir. 2017).................................................................................................2

*In re Stylesite Mktg., Inc.*,
  253 B.R. 503 (Bankr. S.D.N.Y. 2000)..................................................................................2

*Nomura Asset Acceptance Corp. Alt. Loan Tr. v. Nomura Credit & Capital, Inc.*,
  139 A.D.3d 519, 31 N.Y.S.3d 863 (N.Y. App. Div. 2016) .................................................2

*Syncora Guarantee Inc. v. Countrywide Home Loans, Inc.*,
  36 Misc. 3d 328, 935 N.Y.S.2d 858 (Sup. Ct. 2012)...........................................................2

**Other Authorities**

Home Affordable Modification Program, HomeSaver Forbearance and New
  Workout Hierarchy, Announcement 09-05R (Apr. 21, 2009), *available at*
  https://www.fanniemae.com/content/announcement/0905.pdf .................................................6

Supplemental Directive 09-01 (Apr. 6, 2009), *available at*
  https://www.hmpadmin.com/portal/programs/docs/hamp_servicer/sd0901.pdf .......................6

Plaintiff TMI Trust Company (the "Separate Trustee"), solely in its capacity as separate trustee of Securitized Asset Backed Receivables LLC Trust 2006-WM2 (the "Trust"), respectfully submits this memorandum in opposition to Defendant WMC Mortgage, LLC's ("WMC") Motion to Exclude the Expert Testimony of Peter M. Ross (the "Motion").

## PRELIMINARY STATEMENT

████████████████████████████████████████████████████████████████

████████████████████████████████████████. Under prevailing law, such post-closing events have no bearing on the parties' rights and obligations under the governing Pooling and Servicing Agreement (October 6, 2017 Declaration of Matthew S. Hellman in Support of WMC's Motion to Exclude the Expert Testimony of Peter M. Ross ("Hellman Decl."), Ex. A, Pooling and Servicing Agreement for Securitized Asset Backed Receivables LLC Trust 2006-WM2 dated as of October 1, 2006 ("PSA")). The Separate Trustee moved to exclude Mr. Olasov's expert testimony on this ground. (*See* Pl.'s Mem. in Supp. of its Mot. *In Limine* to Exclude Certain Testimony of WMC's Expert Witnesses, ECF No. 181.) If the Separate Trustee's motion to exclude Mr. Olasov's testimony is granted, Mr. Ross's rebuttal testimony will not be required, and this motion will be moot. However, if this Court declines to exclude Mr. Olasov's testimony, Mr. Ross should be permitted to present his reliable rebuttal testimony to aid this Court's analysis.

## ARGUMENT

### I. MR. OLASOV'S TESTIMONY SHOULD BE EXCLUDED, RENDERING THIS MOTION MOOT

The PSA makes clear that WMC is required to pay the "Repurchase Price" for loans for which there are one or more material and adverse breaches of WMC's representations and warranties. (Hellman Decl., Ex. A., PSA § 2.03(d); *see also* Pl.'s Opp. to WMC's Mot. to Partially Exclude Expert Damages Testimony of Dr. Joseph R. Mason). Breaches of representations and

warranties are determined as of the closing date of a trust; servicing issues and other matters that arise after that date are irrelevant.  *See, e.g.*, *Deutsche Bank Nat'l Tr. Co. v. Quicken Loans Inc.*, 810 F.3d 861, 867 (2d Cir. 2015); *Nomura Asset Acceptance Corp. Alt. Loan Tr. v. Nomura Credit & Capital, Inc.*, 139 A.D.3d 519, 519, 31 N.Y.S.3d 863 (N.Y. App. Div. 2016).  And, similarly, post-closing events have no bearing on WMC's obligation to pay damages calculated in accordance with the PSA's Repurchase Price formula for loans that reflect material and adverse breaches of representations and warranties made by WMC.

The Separate Trustee's damages expert, Dr. Joseph Mason, has also calculated rescissory damages.  Based on WMC's grossly negligent conduct in failing to notify the parties to the PSA of pervasive breaches of representations and warranties in the Trust, the Court could rescind the PSA.  Rescissory damages are "designed to be the economic equivalent of rescission." *Syncora Guarantee Inc. v. Countrywide Home Loans, Inc.*, 36 Misc. 3d 328, 343, 935 N.Y.S.2d 858 (Sup. Ct. 2012) (quoting *Gotham Partners, L.P. v Hallwood Realty Partners, L.P.*, 855 A2d 1059, 1072 (Del Ch. 2003).  "[R]escission will unwind or avoid the transaction, and restitution will put the parties back in their original positions." *In re Lehman Bros. Holdings Inc.*, 855 F.3d 459, 480 n.29 (2d Cir. 2017) (quoting *Tekinsight.Com, Inc. v. Stylesite Mktg., Inc. (In re Stylesite Mktg., Inc.)*, 253 B.R. 503, 510-11 (Bankr. S.D.N.Y. 2000)).  If this Court rescinds the PSA, voiding the contract and returning the parties to the *status quo ante*, the concept of contribution or alternative causation for losses incurred by the Trust will also be irrelevant.

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

████████████████████████████████████.  For these reasons and the reasons set forth in Plaintiff's motion *in limine* regarding Mr. Olasov's opinions, this Court should exclude Mr. Olasov's

testimony in its entirety, which would moot WMC's motion *in limine* to exclude Mr. Ross's expert testimony.

## II.     MR. ROSS RELIABLY APPLIED PRINCIPLES AND METHODS TO THE FACTS OF THE CASE.

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████

    A.    ████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████ The relevant portion of Section 3.01(a) provides that:

> For and on behalf of the Certificateholders, the Servicer shall service and administer the Mortgage Loans in accordance with the terms of this Agreement and the respective Mortgage Loans and, to the extent consistent with such terms, ***in the same manner in which it services and administers similar mortgage loans for its own portfolio, giving due consideration to customary and usual standards of practice of mortgage lenders and loan servicers administering similar mortgage loans*** but without regard to:
>
> (i)     any relationship that the Servicer, any Subservicer, or any Affiliate of the Servicer or any Subservicer may have with the related Mortgagor;
>
> (ii)    the ownership or non-ownership of any Certificate by the Servicer or any Affiliate of the Servicer;

- 3 -

- 4 -

      (iii)    the Servicer's obligation to make P&I Advance or Servicing Advances; or

      (iv)    the Servicer's or any Subservicer's right to receive compensation for its services hereunder or with respect to any particular transaction.

***To the extent consistent with the foregoing, [] the Servicer shall seek to maximize the timely and complete recovery of principal and interest on the Mortgage Notes.***  (emphases added).

The PSA thus expressly incorporates the "customary and usual standards of practice" in the loan servicing industry.  *Id.*  WMC's attempt to exclude Mr. Ross's testimony is unfounded. ▬

▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬ ▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬
   ▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬ Mr. Ross

should be permitted to present his opinions in rebuttal of Mr. Olasov.

B.  ███████████████████████████████
    ██.

███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████

C. 

## CONCLUSION

For the foregoing reasons, the Separate Trustee respectfully requests that the Court deny WMC's Motion *In Limine* to Exclude the Expert Testimony of Peter M. Ross.

Dated: October 20, 2017                    Respectfully submitted,

TMI TRUST COMPANY, solely in its capacity as Separate Trustee of the Securitized Asset Backed Receivables LLC Trust 2006-WM2

- 7 -

/s/ Harvey J. Wolkoff
Harvey J. Wolkoff (*phv* 01103)
Daniel V. Ward (*phv* 05850)
Kathryn E. Wilhelm (*phv* 08528)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel.: (617) 951-7703
Fax: (617) 951-7050
harvey.wolkoff@ropesgray.com
daniel.ward@ropesgray.com
kathryn.wilhelm@ropesgray.com

Thomas D. Goldberg (ct 04386)
Kevin C. Brown (ct 29774)
DAY PITNEY LLP
One Canterbury Green
201 Broad Street
Stamford, Connecticut 06901
Tel.: (203) 977-7300
Fax: (203) 977-7301
tgoldberg@daypitney.com
kbrown@daypitney.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 20, 2017, the foregoing Memorandum in Opposition to WMC Mortgage LLC's Motion *in Limine* to Exclude the Expert Testimony of Peter M. Ross was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's CM/ECF system.

                   /s/ Kevin C. Brown
                   Kevin C. Brown