**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

TMI TRUST COMPANY, solely in its capacity as Separate Trustee of the SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-WM2 (SABR 2006-WM2),

Plaintiff,

v.

WMC MORTGAGE, LLC f/k/a WMC MORTGAGE CORP.,

Defendant.

Case No: 3:12-cv-01538-CSH

OCTOBER 20, 2017

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO WMC'S MOTION *IN LIMINE* TO EXCLUDE THE EXPERT TESTIMONY OF NIGEL D. BRAZIER**

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ....................................................................................1

ARGUMENT....................................................................................................................1

I. Mr. Olasov's Testimony Should Be Excluded, Rendering this Motion Moot....................1

II. Mr. Brazier's Opinion Rests on a Reliable Methodology. ................................................3

CONCLUSION..................................................................................................................5

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........ 1

ARGUMENT ........ 1

I. Mr. Olasov's Testimony Should Be Excluded, Rendering this Motion Moot ........ 1

II. Mr. Brazier's Opinion Rests on a Reliable Methodology ........ 3

CONCLUSION ........ 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Deutsche Bank Nat'l Tr. Co. v. Quicken Loans Inc.*,
810 F.3d 861 (2d Cir. 2015)....................2

*In re Lehman Bros. Holdings Inc.*,
855 F.3d 459 (2d Cir. 2017)....................2

*Nomura Asset Acceptance Corp. Alt. Loan Tr. v. Nomura Credit & Capital, Inc.*,
139 A.D.3d 519 (N.Y. App. Div. 2016) ....................2

*Syncora Guarantee Inc. v. Countrywide Home Loans, Inc.*,
36 Misc. 3d 328 (N.Y. Sup. Ct. 2012) ....................2

Plaintiff TMI Trust Company (the "Separate Trustee"), solely in its capacity as separate trustee of Securitized Asset Backed Receivables LLC Trust 2006-WM2 (the "Trust"), respectfully submits this memorandum in opposition to Defendant WMC Mortgage, LLC's ("WMC") Motion to Exclude the Expert Testimony of Nigel D. Brazier (the "Motion").

## PRELIMINARY STATEMENT

[REDACTED] Under applicable law, post-closing "change-of-life" events have no bearing on the parties' rights and obligations under the governing Pooling and Servicing Agreement ("PSA"). The Separate Trustee moved to exclude Mr. Olasov's expert testimony on this ground. (*See* Pl.'s Mem. in Supp. of its Mot. *In Limine* to Exclude Certain Testimony of WMC's Expert Witnesses, ECF No. 181.) If the Separate Trustee's motion to exclude Mr. Olasov's testimony is granted, Mr. Brazier's rebuttal testimony will not be required, and this motion will be moot. However, if this Court declines to exclude Mr. Olasov's testimony, Mr. Brazier's reliable rebuttal testimony will aid this Court's analysis.

## ARGUMENT

### I. MR. OLASOV'S TESTIMONY SHOULD BE EXCLUDED, RENDERING THIS MOTION MOOT.

[REDACTED] The PSA provides that WMC is required to pay the "Repurchase Price" for loans for which there are one or more material and adverse breaches of WMC's representations and warranties. (Declaration of Matthew S. Hellman in Support of WMC's Motion to Exclude the Expert Testimony of Mr. Peter M. Ross ("Hellman Ross Decl."), Ex. A, PSA § 2.03(d); *see also* Pl.'s Opp. to WMC's Mot. to Partially Exclude Expert Damages Testimony of Dr. Joseph R. Mason). Breaches of representations and warranties are determined as of the closing date of the

Trust; servicing issues and other matters that arise after that date are irrelevant. *See, e.g.*, *Deutsche Bank Nat'l Tr. Co. v. Quicken Loans Inc.*, 810 F.3d 861, 867 (2d Cir. 2015); *Nomura Asset Acceptance Corp. Alt. Loan Tr. v. Nomura Credit & Capital, Inc.*, 139 A.D.3d 519, 520 (N.Y. App. Div. 2016). When there is a material breach as of the closing of the securitization, WMC owes the Repurchase Price, regardless of post-closing events.

The Separate Trustee's damages expert, Dr. Joseph Mason, has also calculated rescissory damages. Based on WMC's grossly negligent conduct in failing to notify the parties to the PSA of pervasive breaches of representations and warranties in the Trust, the Court could rescind the PSA. Rescissory damages are "designed to be the economic equivalent of rescission." *Syncora Guarantee Inc. v. Countrywide Home Loans, Inc.*, 36 Misc. 3d 328, 343 (N.Y. Sup. Ct. 2012) (quoting *Gotham Partners, L.P. v Hallwood Realty Partners, L.P.*, 855 A2d 1059, 1072 (Del. Ch. 2003). "[R]escission will unwind or avoid the transaction, and restitution will put the parties back in their original positions." *In re Lehman Bros. Holdings Inc.*, 855 F.3d 459, 480 n.29 (2d Cir. 2017) (quoting *Tekinsight.Com, Inc. v. Stylesite Mktg., Inc. (In re Stylesite Mktg., Inc.)*, 253 B.R. 503, 510–11 (Bankr. S.D.N.Y. 2000)). If this Court rescinds the PSA, voiding the contract and returning the parties to the *status quo ante*, the concept of contribution or alternative causation for losses incurred by the Trust will also be irrelevant.

[redacted] For these reasons and the reasons set forth in Plaintiff's motion *in limine* regarding Mr. Olasov's opinions, this Court should exclude Mr. Olasov's testimony in its entirety, which would moot WMC's motion *in limine* to exclude Mr. Brazier's rebuttal expert testimony.

## II. MR. BRAZIER'S OPINION RESTS ON A RELIABLE METHODOLOGY.

[redacted]

[redacted] To the extent Mr. Olasov is permitted to testify, Mr. Brazier's rebuttal testimony will assist the Court and should be permitted.

## CONCLUSION

For the foregoing reasons, the Separate Trustee respectfully requests that the Court deny WMC's Motion *In Limine* to Exclude the Expert Testimony of Nigel D. Brazier.

Dated: October 20, 2017

Respectfully submitted,

TMI TRUST COMPANY, solely in its capacity as Separate Trustee of the Securitized Asset Backed Receivables LLC Trust 2006-WM2

/s/ Harvey J. Wolkoff
Harvey J. Wolkoff (*phv* 01103)
Daniel V. Ward (*phv* 05850)
Kathryn E. Wilhelm (*phv* 08528)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel.: (617) 951-7703
Fax: (617) 951-7050
harvey.wolkoff@ropesgray.com
daniel.ward@ropesgray.com
kathryn.wilhelm@ropesgray.com

Thomas D. Goldberg (ct 04386)
Kevin C. Brown (ct 29774)
DAY PITNEY LLP
One Canterbury Green
201 Broad Street
Stamford, Connecticut 06901
Tel.: (203) 977-7300
Fax: (203) 977-7301
tgoldberg@daypitney.com
kbrown@daypitney.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 20, 2017, the foregoing Memorandum in Opposition to WMC Mortgage LLC's Motion *in Limine* to Exclude the Expert Testimony of Nigel D. Brazier was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

                /s/ Kevin C. Brown
                Kevin C. Brown