# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| TMI TRUST COMPANY, solely in its capacity as Separate Trustee of the SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-WM2 (SABR 2006-WM2),<br><br>Plaintiff,<br><br>v.<br><br>WMC MORTGAGE, LLC f/k/a WMC MORTGAGE CORP.,<br><br>Defendant. | Civil Action No.<br>3:12-cv-01538 (CSH) |

## WMC MORTGAGE, LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE SAMPLING

Anthony M. Fitzgerald (ct04167)
Howard K. Levine (ct10555)
CARMODY TORRANCE
SANDAK & HENNESSEY LLP
195 Church St., 18th Floor
New Haven, CT 06509
Phone: 203 777-5501
Fax: 203 784-3199

Barbara S. Steiner (*pro hac vice*)
Megan B. Poetzel (*pro hac vice*)
Michael A. Doornweerd (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
Phone: 312 222-9350
Fax: 312 527-0484

Matthew S. Hellman (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Ave NW
Washington, DC 20001-4412
Phone: 202 639-6000
Fax: 202 639-6066

*Attorneys for Defendant WMC Mortgage, LLC*

ORAL ARGUMENT REQUESTED

WMC Mortgage, LLC ("WMC") respectfully submits this Reply Memorandum in Support of its Motion *in Limine* to bar Plaintiff TMI Trust Company, solely as Separate Trustee of the Securitized Asset Backed Receivables LLC Trust 2006-WM2 ("TMI," as Separate Trustee of the "Trust"), from relying on statistical sampling to prove liability or damages in this action.

As WMC explained in its Motion *in Limine*, WMC recognizes that this Court held on summary judgment that the PSA does not prohibit the use of statistical sampling as a matter of law.  (WMC's Mot. *in Limine* to Exclude Sampling at 1, Oct. 6, 2017, Dkt. 184.)  WMC nonetheless files this Reply in order to bring to the Court's attention recent authority in support of WMC's position and for the purpose of ensuring that it preserves its right on appeal to raise this issue.

Unlike the decisions TMI cites in its opposition, the recent authorities WMC cites in its Motion are instructive because those cases involved sole remedy provisions materially identical to the sole remedy provision in the PSA.  (*See id.* at 4-5 (citing *BlackRock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14-cv-09371 (KPF) (SN), 2017 WL 3610511 (S.D.N.Y. Aug. 21, 2017); *W. and S. Life Ins. Co. v. Bank of N.Y. Mellon*, No. A1302490, 2017 WL 3392855 (Ct. C.P. Ohio Aug. 4, 2017).)  In each, the court held that the relevant provision required the plaintiff to demonstrate breach on a "loan-by-loan" basis.  (*See id.* (citing *BlackRock Allocation Target Shares*, 2017 WL 3610511, at *7; *W. and S. Life Ins.*, 2017 WL 3392855, at *10).)  While the defendant in those cases was a trustee, rather than an originator, the same repurchase provision applied to both entities, and thus those courts' interpretation of the provision is relevant here.  *See BlackRock Allocation Target Shares*, 2017 WL 3610511, at *7; *W. and S. Life Ins.*, 2017 WL 3392855, at *10.

In contrast, the recent decisions TMI cites did not concern breach of contract claims subject to a sole remedy clause.  Rather, they involved claims under federal statutes and the damages

1

applicable by reason of those violations. *See United States v. Am. Mortgage Corp.*, No. 4:12-cv-2676 (GCH), 2017 WL 4117347, at *1 (S.D. Tex. Sept. 14, 2017) (assessing damages post-trial and addressing the FCA and FIRREA violations at issue); *Fed. Hous. Fin. Agency Fed. Nat'l Mortg. Ass'n v. Nomura Holding Am., Inc.*, 873 F.3d 85, 97-100 (2d Cir. 2017) (discussing the applicable violations of the Securities Act of 1933 as well as of Virginia's and the District of Columbia's Blue Sky Laws). Those decisions have nothing to do with whether a contractual remedial provision like the one here permits proof of liability and damages by sampling.

## CONCLUSION

For the foregoing reasons and those provided in its Motion *in Limine*, WMC respectfully requests an *in limine* ruling that TMI's proposed use of sampling is inconsistent with TMI's sole remedy under the PSA and that the Court should therefore exclude any evidence of liability or damages based upon sampling.

Dated: November 3, 2017                                      Respectfully submitted,

**CARMODY TORRANCE SANDAK & HENNESSEY LLP**

 /s/ Howard K. Levine

| | |
|---|---|
| Anthony M. Fitzgerald (ct04167) | Barbara S. Steiner (*pro hac vice*) |
| Howard K. Levine (ct10555) | Megan B. Poetzel (*pro hac vice*) |
| CARMODY TORRANCE | Michael A. Doornweerd (*pro hac vice*) |
| SANDAK & HENNESSEY LLP | JENNER & BLOCK LLP |
| 195 Church St., 18th Floor | 353 N. Clark St. |
| New Haven, CT 06509 | Chicago, IL 60654 |
| Phone: 203 777-5501 | Phone: 312 222-9350 |
| Fax: 203 784-3199 | Fax: 312 527-0484 |
| | |
| | Matthew S. Hellman (*pro hac vice*) |
| | JENNER & BLOCK LLP |
| | 1099 New York Ave NW |
| | Washington, DC 20001-4412 |
| | Phone: 202 639-6000 |
| | Fax: 202 639-6066 |

*Attorneys for Defendant WMC Mortgage, LLC*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of November, 2017, the foregoing WMC MORTGAGE, LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE SAMPLING was filed electronically via the Court's CM/ECF system.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the court's CM/ECF System.

/s/ Howard K. Levine
Howard K. Levine (ct10555)
Carmody Torrance Sandak & Hennessey LLP
195 Church Street
P.O. Box 1950
New Haven, CT  06509-1950
Tel:  203-777-5501
Fax:  203-784-3199
E-mail:  hlevine@carmodylaw.com