

ROPES & GRAY LLP
PRUDENTIAL TOWER
800 BOYLSTON STREET
BOSTON, MA 02199-3600
WWW.ROPESGRAY.COM

November 28, 2017

Harvey J. Wolkoff
T +1 617 951 7522
harvey.wolkoff@ropesgray.com

**VIA ECF**

Honorable Charles S. Haight
United States District Judge
Richard C. Lee United States Courthouse
141 Church Street
New Haven, CT 06510

Re:   *TMI Trust Company v. WMC Mortgage LLC*, No. 12-cv-01538-CSH (the "Action")

Dear Judge Haight:

    We write on behalf of TMI Trust Company (the "Separate Trustee" or "TMI") in reply to the letter dated November 22, 2017 from counsel for WMC Mortgage, LLC ("WMC"), ECF No. 226, citing *Homeward Residential v. Sand Canyon Corp.*, No. 12 Civ. 5067 (JFK), 2017 WL 5256760, at *1 (S.D.N.Y. Nov. 13, 2017).

    The *Homeward* opinion does not raise any new issues that were not already squarely before this Court when ruling on WMC's motion for partial summary judgment. In that ruling, the Court held that the Separate Trustee may "try to prove its case at trial by statistical sampling, and reject[ed] WMC's efforts to prevent [TMI] from making that effort or limiting the number of loans that may be sampled." *Law Debenture Tr. Co. of New York v. WMC Mortg., LLC*, No. 3:12-cv-1538 (CSH), 2017 WL 3401254, at *22 (D. Conn. Aug. 8, 2017).

    Indeed, the *Homeward* case is inapposite for a number of reasons. First, the plaintiff in the *Homeward* case did not allege a separate claim for failure to notify the other parties to the governing agreements of the alleged breaches. *Homeward*, 2017 WL 5256760, at *5. *Homeward* is thus identical Judge Castel's opinion in *U.S. Bank, National Association v. UBS Real Estate Securities, Inc.*, which similarly did not include a "failure to notify" claim. 205 F. Supp. 3d 386 (S.D.N.Y. 2016). The Court gave careful consideration to the *UBS* opinion when ruling on summary judgment in this case, and held that it was distinguishable because the Separate Trustee here has alleged that WMC failed its obligation to notify the other parties to the PSA of pervasive breaches of representations and warranties. The *Homeward* opinion offers nothing to change that analysis.

ROPES & GRAY LLP

- 2 -                                                                                     November 28, 2017

      Second, in seeking to utilize sampling, the plaintiff in *Homeward* did not contend that the defendant acted with gross negligence. By contrast, the Separate Trustee here has alleged that WMC was "grossly negligent and reckless" in originating the loans. *Law Debenture*, 2017 WL 3401254, at *6. Relying on a string of recent opinions from the Appellate Division of the New York Supreme Court, this Court held at summary judgment that the Separate Trustee is not bound by the "sole remedies" provision of the PSA, and may proceed with the use of statistical sampling at trial. *Id.* at *15-20 (*citing Morgan Stanley Mortgage Loan Trust 2006-13ARX v. Morgan Stanley Mortgage Capital Holdings LLC*, 143 A.D.3d 1 (1st Dep't 2016)).

      Third, the *Homeward* opinion was decided only after the court had heard testimony from the opposing expert statisticians at an evidentiary hearing.

      Finally, WMC's letter yet again refers to the Second Circuit's decision in *Retirement Board of the Policemen's Annuity and Benefit Fund of the City of Chicago v. Bank of New York Mellon*. 775 F.3d 154 (2d Cir. 2014). But the *Retirement Board* decision arises from an entirely different factual scenario, in which investors in hundreds of different trusts attempted to bring a class action against a trustee for violation of the Trust Indenture Act ("TIA"), breach of contract, and breach of fiduciary duty. *Retirement Board*, 775 F.3d at 162-63, 162 n.6. The court explicitly noted that "district courts have sometimes permitted plaintiffs to use statistical sampling to prove the incidence of defects within individual trusts." *Id.* (citing *Flagstar*, 920 F. Supp. 2d at 486–87). It is not surprising, then, that courts in the Second Circuit have continued to endorse the use of statistical sampling in single-trust repurchase cases (like this one) both before and after *Retirement Board*. *See* Sampling Opp. at 11-14 (citing cases).[1]

---

[1] The cases that have cited *Retirement Board* for the proposition that "[p]laintiffs must prove that they have evidence to support their claims loan-by-loan and trust-by-trust" are inapposite insofar as they were investor actions against the trustees for large numbers of trusts, in which sampling would be inefficient. *See, e.g., Phoenix Light SF Ltd. v. Bank of N.Y. Mellon*, 14-CV-10104 (VEC), 2017 WL 3973951, at *9 (S.D.N.Y. Sept. 7, 2017) (internal quotation marks omitted); *see also Royal Park Invs. SA/NV v. HSBC Bank USA Nat'l Ass'n*, 14-CV-08175 (LGS)(SN), 2017 WL 945099, at *4 (S.D.N.Y. Mar. 10, 2017); *see also* Sampling Opp. at 8-10 (citing cases).

ROPES & GRAY LLP

- 3 -                                                                              November 28, 2017

      Accordingly, the *Homeward* case cited in WMC's letter is inapposite, and the Court should not disturb its summary judgment ruling that permits the Separate Trustee to proceed with statistical sampling at trial.

Respectfully submitted,

Harvey J. Wolkoff
*Counsel for the Separate Trustee*

cc:      All counsel of record (via ECF)