# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| TMI TRUST COMPANY, solely in its capacity as Separate Trustee of the SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-WM2 (SABR 2006-WM2),<br><br>                              Plaintiff,<br><br>          v.<br><br>WMC MORTGAGE, LLC f/k/a WMC MORTGAGE CORP.,<br><br>                              Defendant. | Case No: 3:12-cv-01538-CSH<br><br><br><br><br><br><br><br><br><br>November 30, 2017 |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION SEEKING EMERGENCY RELIEF TO STRIKE DEFENDANT'S PREVIOUSLY UNDISCLOSED WITNESSES FROM ITS WITNESS LIST

Plaintiff TMI Trust Company (the "Separate Trustee" or "TMI") seeks emergency relief from the just-submitted witness list of defendant WMC Mortgage LLC ("WMC"), and respectfully seeks an immediate Order of the Court striking eight witnesses who were not previously disclosed in WMC's Rule 26 disclosures, and precluding those individuals from testifying at trial. On November 22, 2017, WMC purported to add eight former WMC employees to its witness list, long after the close of fact discovery. While some (but not all) of these eight former employees had been included among more than 1,700 people named in WMC's interrogatory responses as people with knowledge of issues in the case, WMC hid the ball by identifying only three former employees as potential trial witnesses in its witness disclosures under Rule 26. WMC has now added eight more former employees to the original three, knowing that it never disclosed their witness status to TMI before, and as such, knowing

that they were never deposed.[1]  Such "trial by ambush" is prohibited by the Federal Rules, and should not be allowed.

## BACKGROUND

WMC served its initial Rule 26 disclosures in June 2014.  Exhibit 1.  The only current or former WMC employees identified at that time as witnesses that WMC "may use to support its claims or defenses" were Jim Zollo, Rosie Nguyencuu, and Robert Rothleder.  *Id.*  The Separate Trustee took the depositions of all three.  In its response to the Separate Trustee's interrogatories, WMC listed more than 1,700 former employees as persons with "knowledge" of various topics, including six of the new individuals identified in its Witness List.  Exhibit 2 (filed under seal). At no time did WMC amend its initial disclosures to indicate that any of these individuals would be called as witnesses "to support its claims or defenses," as required by Rule 26(a)(1)(A)(i) and 26(e).  Moreover, in its interrogatories, the Separate Trustee specifically requested that WMC identify any witnesses that it intended to call at trial, but WMC declined, stating that WMC would "comply with the Federal Rules of Civil Procedure" with respect to disclosing the identity of trial witnesses.  Exhibit 2 (filed under seal).

In contrast, all of the witnesses that the Separate Trustee intends to call at trial were previously identified in its Rule 26 disclosures, in order to ensure that WMC had an opportunity to depose every witness that the Separate Trustee may use "to support its claims or defenses" at trial.  In stark contrast, WMC waited to disclose these eight additional individuals as potential witnesses with less than two months before trial.  Exhibit 3.

---

[1] Actually, WMC listed ten additional former employees as witnesses on its November 22, 2017 Witness List, that had never been disclosed on its Rule 26(a) initial disclosures:  (i) Juliet Agranoff; (ii) Karen Denton; (iii) Donna Harden; (iv) Ken Huber; (v) Patrick McGovern; (vi) Anthony Miguel; (vii) Ian Mitchell; (viii) Glen Pizzolorusso; (ix) Nina Srithanomsup; and (x) Heather Thach.  Two of these witnesses, Donna Harden and Glen Pizzolorusso, were listed on the Separate Trustee's Rule 26(a) Amended Initial Disclosures. Therefore, the Separate Trustee does not contest the inclusion of Donna Harden or Glen Pizzolorusso from WMC's Witness List.

## LEGAL STANDARD

Federal Rule of Civil Procedure 37(c)(1) provides "[i]f a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless."  In turn, Rule 26(a)(1)(A)(i) requires that a party voluntarily disclose "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."  Rule 26(e) imposes an affirmative duty on the disclosing party to supplement its Rule 26(a) disclosures in a timely manner.

In determining whether to exclude testimony for failure to comply with Rule 26(a), the Second Circuit has devised a four-factor test: (1) the party's explanation for the failure to disclose; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to respond to the new evidence; and (4) the possibility of a continuance.  *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (quoting *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir.1997)).

## ARGUMENT

It cannot be disputed that WMC failed to identify the eight subject witnesses in its initial disclosures, in contravention of Rule 26.  WMC's inclusion of some of these witnesses among over 1,700 others in its responses to interrogatories does not excuse its non-compliance with its obligations under Rule 26(a).[2]  Rule 26(a)(1)(A)(i) requires that a party identify witnesses that it "may use to support its claims or defenses."  Without WMC's listing these individuals in its Rule

---

[2] The following individuals are listed on WMC's First Revised Responses and Objections to Plaintiff's First Set of Interrogatories: (i) Karen Denton; (ii) Donna Harden; (iii) Patrick McGovern; (iv) Glen Pizzolorusso; (v) Nina Srithanomsup; and (vi) Heather Thach.

26(a) disclosures, the Separate Trustee had no way to determine whether WMC was likely to use these individuals to support its claims or defenses. WMC buried those names among more than 1,700 people it identified in response to the Separate Trustee's interrogatories. Courts in the Second Circuit have held that "the mere mention of a name in a deposition or interrogatory response is insufficient to satisfy Rule 26(a)(1)(A) . . . Rather, to satisfy Rule 26, parties must make an unequivocal statement that they may rely upon an individual on a motion or at trial." *Leong v. 127 Glen Head Inc.*, 2016 WL 845325, at *4 (E.D.N.Y. Mar. 2, 2016) (internal citations omitted); *see also Barham v. Wal-Mart Stores, Inc.*, No. 3:12-CV-01361 (VAB), 2017 WL 733313, at *2 (D. Conn. Feb. 22, 2017) (identification of individuals in the context of document production did not relieve defendant of its obligation to identify them as potential witnesses in accordance with Rule 26(a)).  Mere "knowledge of the existence of a witness does not satisfy the Rule 26(a)(1)(A) disclosure obligation; that obligation is fulfilled only if [defendant] informed [plaintiff] that it might call the witness in support of its claims or defenses."  *Pal v. New York Univ.*, No. 06CIV.5892PACFM, 2008 WL 2627614, at *4 (S.D.N.Y. June 30, 2008) (precluding witnesses who were not listed on Rule 26(a) initial disclosures from testifying).

Under the Second Circuit's four-factor test, the eight new witnesses on WMC's Witness List should be precluded from testifying.  *See Patterson*, 440 F.3d 104, 117.  First, WMC has offered no plausible explanation for failing to identify these individuals in its prior Rule 26 disclosures, especially since all eight are former employees of WMC.  Second, the importance of their testimony is unknown because WMC obscured their names during discovery, and has not proffered any description of their anticipated testimony.  Third, the Separate Trustee will be greatly prejudiced by having to prepare for cross-examination of these witnesses at trial without having had the opportunity to take their depositions during discovery.  As the Court is aware,

4

WMC vigorously opposed the Separate Trustee's request to conduct a single *de bene esse* deposition more than two months before trial of David Gitson, whom the Separate Trustee had identified as a potential trial witness back in October 2015.  WMC cannot credibly claim that its last-minute addition of eight new witnesses to its trial list will not prejudice the Separate Trustee, after claiming it would be "prejudiced by a new witness being deposed at this late date" (WMC's Opp. To Plaintiff's Motion for Leave to Take the Deposition of David Gitson, Nov. 9, 2017) (Docket No. 222).   And fourth, a continuance is not justified here, where the Separate Trustee's claim has been pending for some time.  The trial date has already been continued once, at WMC's request.  WMC should not be permitted to further delay this trial through an issue of its own making.

## REQUEST FOR EMERGENCY RELIEF

The Separate Trustee seeks emergency relief and requests expedited consideration by the Court of its motion.  Good cause exists for such emergency consideration, given that less than two months remain before trial, and that a ruling on this motion will determine whether in that short time the Separate Trustee must prepare to cross-examine eight new witnesses whom it just learned WMC would use to support its defenses at trial.

## **CONCLUSION**

For the foregoing reasons, the Separate Trustee respectfully requests that its motion to strike the eight new witnesses from WMC's witness list and to preclude those witnesses from testifying at trial be GRANTED.

Dated: November 30, 2017

Respectfully submitted,

TMI Trust Company, solely in its capacity as Separate Trustee of the Securitized Asset Backed Receivables LLC Trust 2006-WM2

/s/ Harvey J. Wolkoff
Harvey J. Wolkoff (*phv* 01103)
Daniel V. Ward (*phv* 05850)
Kathryn E. Wilhelm (*phv* 08528)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel.: (617) 951-7703
Fax: (617) 951-7050
harvey.wolkoff@ropesgray.com
daniel.ward@ropesgray.com
kathryn.wilhelm@ropesgray.com

Thomas D. Goldberg (ct 04386)
Kevin C. Brown (ct 29774)
DAY PITNEY LLP
One Canterbury Green
201 Broad Street
Stamford, Connecticut 06901
Tel.: (203) 977-7300
Fax: (203) 977-7301
tgoldberg@daypitney.com
kbrown@daypitney.com

*Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on November 30, 2017, the foregoing Memorandum of TMI in Support of Motion to Strike Defendant's Undisclosed Witnesses from its Witness List was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's CM/ECF system.

/s/ Daniel. V. Ward
Daniel V. Ward

65988415_1