# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAW DEBENTURE TRUST COMPANY OF NEW YORK, solely in its capacity as Separate Trustee of the Securitized Asset Backed Receivables LLC Trust 2006-WM2,<br><br>Plaintiff,<br><br>v.<br><br>WMC MORTGAGE LLC, f/k/a WMC MORTGAGE CORP.,<br><br>Defendant. | Civil Action No.: 3:12-cv-01538-CSH<br><br><br><br><br><br><br><br><br><br>August 18, 2014 |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO
DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and any applicable local rules, Plaintiff Law Debenture Trust Company of New York (the "Separate Trustee"), solely in its capacity as Separate Trustee and acting at the direction of the Directing Certificateholders,[1] by and through its undersigned counsel, hereby (a) produces responsive documents and (b) submits the following responses and objections to the First Request for Production of Documents (the "Requests," or individually, each "Request") propounded by Defendant WMC Mortgage, LLC ("WMC" or "Defendant").

**GENERAL OBJECTIONS AND RESERVATIONS**

1.  The Separate Trustee will conduct a reasonable, good faith search of accessible hard copy and electronic files in accordance with search parameters agreed to by the parties (the "Search Parameters") and will produce non-privileged documents (including

---

[1] "Directing Certificateholders" means certain investors in the Trust who directed the prosecution of this action against WMC.

1

45287815_1

electronic data) responsive to the Requests located during that search.

2.  The Separate Trustee objects to the Requests to the extent they seek documents (including electronic data) that are (a) neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence, or (b) not within the Separate Trustee's possession, custody or control, and further objects to the Requests to the extent they are overbroad and unduly burdensome.

3.  The Separate Trustee was appointed Separate Trustee on June 6, 2012 pursuant to the Order with Respect to Verified Petition Of Wells Fargo Bank, National Association As Trustee For Instructions In the Administration Of A Trust Pursuant to Minn. Stat. § 501B.16, entered by the District Court, County of Hennepin, Minnesota.  The Separate Trustee responds to the Requests solely in its capacity as Separate Trustee, and objects to the extent the Requests purport to be directed to it in any different capacity.

4.  The Separate Trustee objects to the time period purported to be covered by the Requests (November 1, 2004 to the present) as overbroad.  As noted above, the Separate Trustee was appointed Separate Trustee on June 6, 2012.  Its current knowledge of the Demand Loans is reflected in the information contained in the five breach notices and repurchase demands sent by the Trustee and/or the Separate Trustee to WMC, dated September 16, 2011, May 30, 2012 (2 demands), June 7, 2012 and June 28, 2012 that are described in the Complaint in the Action, as well as WMC's responses thereto, and information the Separate Trustee received from the Trustee concerning earlier breach notices and repurchase demands for additional Demand Loans that were sent to WMC by the Trustee as early as August 18, 2009, as well as WMC's responses thereto.

      5.      A response by the Separate Trustee that it will produce documents in response to a specific Request shall not be interpreted as an affirmation that such documents in fact exist, or that they are within the Separate Trustee's possession, custody or control. Such a response is merely intended to reflect that if non-objectionable, non-privileged documents exist, are within the Separate Trustee's possession, custody or control, and are identified pursuant to a search conducted in accordance with the Search Parameters, they will be produced in response to a Request.

      6.      The Separate Trustee objects to the Requests to the extent they seek the production of documents (including electronic data) protected from discovery under the attorney-client privilege, common interest privilege, attorney work product doctrine or any other applicable privilege or protection from discovery afforded under the Federal Rules of Civil Procedure or any other applicable statute, rule, regulation or the common law. The Separate Trustee will produce a log of all responsive documents that are identified pursuant to a reasonable, good faith search of accessible hard copy and electronic files conducted in accordance with the Search Parameters and are withheld as privileged.

      7.      The production of any documents by the Separate Trustee in response to the Requests is subject to the Protective Order in this Action, and the Separate Trustee objects to each Request to the extent it purports to seek production of confidential and/or proprietary information of the Separate Trustee or third parties which the Separate Trustee may be prohibited by law or agreement from disclosing.

      8.      Subject to and without waiving these General Objections or any of the Specific Responses and Objections set out below, the Separate Trustee states that any additional documents to be produced in response to the Requests will be provided to Plaintiff at a mutually

45287815_1

agreed time and place and on a rolling basis.

9. The Separate Trustee reserves its rights to supplement, modify or amend these Responses and Objections.

10. The Separate Trustee hereby expressly incorporates all of the above General Objections into each of the Specific Responses and Objections set forth below.

**SPECIFIC RESPONSES AND OBJECTIONS**

**DOCUMENT REQUEST NO. 1**

Any and all Documents concerning the servicing of any or all or some combination of the Demand Loans, including but not limited to the payment history, servicing comments, Borrower communications and payment processing for each of the Demand Loans, including for the period before the Trust acquired the loans.

**RESPONSE TO REQUEST NO. 1**

The Separate Trustee will produce non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 2**

Any and all Documents concerning the performance of any or all or some combination of the Demand Loans, including but not limited to any distribution and/or loan-level reports for the Trust.

**RESPONSE TO REQUEST NO. 2**

The Separate Trustee will produce non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 3**

Any and all Documents concerning the performance of the Certificates, including but not limited to their current and historical market price, projections, and market analyses.

**RESPONSE TO REQUEST NO. 3**

The Separate Trustee is not aware of any documents responsive to this Request in its possession, custody or control.

**DOCUMENT REQUEST NO. 4**

Any and all Documents concerning any proposed or actual liquidation of any or all or some combination of the Demand Loans and/or any proposed or actual foreclosure or sale of the properties securing any of the Demand Loans, including but not limited to any REO disposition, and/or any other proposed or actual action, the result of which was, or would have been, that the Trust no longer would hold title to the property securing any of the Demand Loans, and if any liquidation, foreclosure, sale or other such process has occurred for any Demand Loan, the date on which that event occurred, and all Documents reflecting what happened either to the Demand Loan or the property securing the Demand Loan following the liquidation, foreclosure, sale or other such action.

**RESPONSE TO REQUEST NO. 4**

The Separate Trustee is not aware of any documents responsive to this Request in its possession, custody or control.

**DOCUMENT REQUEST NO. 5**

Any and all Documents concerning a proposed or actual modification of any of the Demand Loans.

**RESPONSE TO REQUEST NO. 5**

The Separate Trustee is not aware of any documents responsive to this Request in its possession, custody or control.

**DOCUMENT REQUEST NO. 6**

Any and all Documents concerning the decision to write off or write down any principal balance of any of the Demand Loans.

**RESPONSE TO REQUEST NO. 6**

The Separate Trustee is not aware of any documents responsive to this Request in its possession, custody or control.

**DOCUMENT REQUEST NO. 7**

Any and all Documents concerning policies, procedures or standards regarding loan servicing that apply or applied to any of the Demand Loans, including, but not limited to such policies, procedures or standards concerning loss mitigation, foreclosures, loan modification, REO management and disposition or charging off all or a portion of any loan balance.

45287815_1

**RESPONSE TO REQUEST NO. 7**

The Separate Trustee is not aware of any documents responsive to this Request in its possession, custody or control.

**DOCUMENT REQUEST NO. 8**

Form of Request For Releases concerning the Trust.

**RESPONSE TO REQUEST NO. 8**

The Separate Trustee will produce non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 9**

Any and all Documents concerning any review, due diligence, or analysis of the Demand Loans, WMC, and/or the Trust that You, or someone engaged by You, performed at any time, including but not limited to prior to Your agreeing to act as trustee for the Trust.

**RESPONSE TO REQUEST NO. 9**

The Separate Trustee will produce non-privileged documents responsive to this Request concerning the Demand Loans and the Trust, and concerning WMC to the extent related to the Demand Loans and the Trust.

The Separate Trustee objects to this Request to the extent it is overbroad and unduly burdensome and seeks documents that are neither relevant, nor reasonably calculated to lend to the discovery of admissible evidence, and further objects to this Request to the extent it assumes incorrectly that the Separate Trustee agreed to act as "trustee" for the Trust.  It agreed to act as "separate trustee" for the Trust, and Wells Fargo, N.A. continues to act as "trustee" for the Trust.

**DOCUMENT REQUEST NO. 10**

Any and all communications with the Certificateholders, Wells Fargo, the Servicer, Borrowers, or any other Person concerning the Trust, the Demand Loans, the Action, or WMC.

**RESPONSE TO REQUEST NO. 10**

The Separate Trustee will produce non-privileged documents responsive to this Request concerning the Trust, the Demand Loans and the Action, and concerning WMC to the extent related to the Trust, the Demand Loans and the Action.

The Separate Trustee objects to this Request to the extent it is overbroad and unduly burdensome and seeks documents that are neither relevant, nor reasonably calculated to lend to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 11**

Any and all Documents concerning the Demand Loans, the Trust and/or WMC, that You obtained from the Certificateholders, Wells Fargo, the Servicer, Borrowers, or any other Person.

**RESPONSE TO REQUEST NO. 11**

The Separate Trustee states that it will produce non-privileged documents responsive to this Request concerning the Demand Loans and the Trust, and concerning WMC to the extent related to the Demand Loans and the Trust.

The Separate Trustee objects to this Request to the extent it is overbroad and unduly burdensome and seeks documents that are neither relevant, nor reasonably calculated to lend to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 12**

Any and all communications with potential Certificateholders concerning the acquisition of any interest in the Trust or the Demand Loans or any property securing any Demand Loan.

**RESPONSE TO REQUEST NO. 12**

The Separate Trustee will produce non-privileged documents responsive to this Request.

The Separate Trustee objects to this Request on the ground that the phrase "potential Certificateholders" is vague and ambiguous.

**DOCUMENT REQUEST NO. 13**

Documents sufficient to identify each Certificateholder in the Trust as well as their total holdings and the price for which they purchased and/or sold each Certificate from inception through the present.

**RESPONSE TO REQUEST NO. 13**

      The Separate Trustee will produce non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 14**

Any and all Documents concerning any alleged breaches of WMC's representations and warranties in the PSA as to the Demand Loans, including but not limited to Documents concerning communications regarding Your request that WMC cure, substitute or repurchase the Demand Loans.

**RESPONSE TO REQUEST NO. 14**

      The Separate Trustee will produce non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 15**

Any and all analyses of any section of the PSA, including but not limited to any and all analyses concerning WMC's representations and warranties in the PSA.

**RESPONSE TO REQUEST NO. 15**

      The Separate Trustee will produce non-privileged documents responsive to this Request.

      The Separate Trustee objects to this Request to the extent it seeks documents that are neither relevant, nor reasonably calculated to lend to the discovery of admissible evidence, and on the ground that it is overbroad insofar as only certain sections of the PSA are relevant to this Action.

**DOCUMENT REQUEST NO. 16**

Any and all Documents concerning the drafting, negotiation, or meaning of the PSA or any other agreement concerning the Demand Loans, WMC, and/or the Trust, including but not limited to any and all drafts of those agreements.

**RESPONSE TO REQUEST NO. 16**

The Separate Trustee will produce non-privileged documents responsive to this Request.

The Separate Trustee objects to this Request to the extent it seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence, and on the ground that it is overbroad insofar as only certain agreements and certain sections of the PSA are relevant to this Action.

**DOCUMENT REQUEST NO. 17**

Any and all Documents concerning Your policies and procedures concerning repurchase requests submitted, or considered for submission, to loan originators or loan sellers, including but not limited to any policies and procedures regarding: (a) investigating or evaluating possible breaches of representations and warranties; (b) asserting or not asserting repurchase requests; (c) evaluating the materiality of possible breaches of representations and warranties; (d) complying with the prompt notice requirement of the PSA; and (e) initiating or not initiating litigation regarding any repurchase requests.

**RESPONSE TO REQUEST NO. 17**

The Separate Trustee is not aware of any documents responsive to this Request in its possession, custody or control.

**DOCUMENT REQUEST NO. 18**

Any and all Documents provided to or concerning the work performed by any Re-Underwriter Provider concerning any or all or some combination of the Demand Loans or to any other loans in the Trust, including but not limited to any communications between You and any Re-Underwriter Provider concerning the Demand Loans or any other loans in the Trust that were reviewed.

**RESPONSE TO REQUEST NO. 18**

The Separate Trustee will produce non-privileged documents responsive to this Request.

The Separate Trustee objects to this Request to the extent it seeks documents that are properly the subject of expert discovery and will be produced during expert discovery.

45287815_1

**DOCUMENT REQUEST NO. 19**

Any and all communications with or Documents provided to any Rating Agency, potential bond or mortgage loan insurer, or government entity concerning the Trust, any of the Demand Loans, any other loans in the Trust, or WMC.

**RESPONSE TO REQUEST NO. 19**

The Separate Trustee will produce non-privileged documents responsive to this Request concerning the Trust, the Demand Loans and any other Loans in the Trust, and concerning WMC to the extent related to the Trust, the Demand Loans or any other Loans in the Trust.

The Separate Trustee objects to this Request to the extent it is overbroad and unduly burdensome and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 20**

Documents sufficient to identify Your corporate trust management structure, including but not limited to Documents sufficient to identify any Person who has responsibilities concerning the Trust.

**RESPONSE TO REQUEST NO. 20**

The Separate Trustee will produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 21**

Any and all Documents You intend to use to support your calculation of the Repurchase Price you allege is owed as to each or any of the Demand Loans.

**RESPONSE TO REQUEST NO. 21**

The Separate Trustee will produce non-privileged documents responsive to this Request.

The Separate Trustee object to this Request to the extent it seeks documents that are the subject of expert discovery and will be produced during expert discovery.

**DOCUMENT REQUEST NO. 22**

Any and all Documents you intend to use to support your monetary damages claim in the Action.

45287815_1

**RESPONSE TO REQUEST NO. 22**

The Separate Trustee will produce non-privileged documents responsive to this Request.

The Separate Trustee object to this Request to the extent it seeks documents that are the subject of expert discovery and will be produced during expert discovery.

**DOCUMENT REQUEST NO. 23**

Any and all Documents that You may rely on at trial in the Action.

**RESPONSE TO REQUEST NO. 23**

The Separate Trustee will produce non-privileged documents responsive to this Request at the appropriate time pursuant to an agreement between the parties or Order of the Court.

**DOCUMENT REQUEST NO. 24**

Any and all Documents concerning any "industry" standards that You contend are relevant in whole or in part to the allegations in the Complaint, including, but not limited to the "industry" standards you have alleged in the Complaint in Paragraphs 39-41.

**RESPONSE TO REQUEST NO. 24**

The Separate Trustee will produce non-privileged documents responsive to this Request.

The Separate Trustee objects to this Request to the extent it seeks documents that are properly the subject of expert discovery and will be provided during expert discovery.

**DOCUMENT REQUEST NO. 25**

Any and all Documents concerning Your allegations in Paragraphs 11, 68 and 95 of the Complaint that "WMC is and has been aware of the breaches plaguing the Loans since origination," that "WMC did discover such breaches, but failed to notify the Trustee or the Separate Trustee," or that "WMC knew or should have known that the Loans breached its representations and warranties, but failed to notify the PSA parties."

**RESPONSE TO REQUEST NO. 25**

The Separate Trustee will produce non-privileged documents responsive to this Request.

The Separate Trustee object to this Request to the extent it seeks documents supporting

allegations in the Complaint that are in the exclusive possession, custody or control of WMC.

**DOCUMENT REQUEST NO. 26**

To the extent not responsive to Requests 24-25, any and all Documents concerning, supporting, or bearing upon the allegations in the Complaint.

**RESPONSE TO REQUEST NO. 26**

The Separate Trustee will produce non-privileged documents responsive to this Request.

The Separate Trustee object to this Request to the extent it seeks documents supporting allegations in the Complaint that are in the exclusive possession, custody or control of WMC.

**DOCUMENT REQUEST NO. 27**

Any and all Documents that You identified in Your Rule 26(a)(1) initial disclosures in the Action.

**RESPONSE TO REQUEST NO. 27**

The Separate Trustee will produce non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 28**

Any and all Documents that You identify in Your responses to any of WMC's Interrogatories in the Action.

**RESPONSE TO REQUEST NO. 28**

The Separate Trustee will produce non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 29**

Any and all communications or Documents provided to Your experts in the Action.

**RESPONSE TO REQUEST NO. 29**

The Separate Trustee will produce non-privileged documents responsive to this Request during expert discovery in accordance with Rule 26 of the Federal Rules of Civil Procedure or other applicable rules.

**DOCUMENT REQUEST NO. 30**

All Documents that You receive from non-parties pursuant to a subpoena in or in connection with the Action.

**RESPONSE TO REQUEST NO. 30**

The Separate Trustee will produce documents that it receives from non-parties as described in this Request, provided that WMC agrees to produce documents that it receives from non-parties pursuant to a subpoena.

**DOCUMENT REQUEST NO. 31**

Any and all Documents concerning the drafting, negotiation, or meaning of any part of the IAA.

**RESPONSE TO REQUEST NO. 31**

The Separate Trustee will produce non-privileged documents responsive to this Request.

The Separate Trustee objects to this Request to the extent it is overbroad and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 32**

Any and all Documents concerning the drafting, negotiation, or meaning of the Verified Petition Of Wells Fargo Bank, National Association As Trustee For Instructions In the Administration Of A Trust Pursuant to Minn. Stat. § 501 B.16 filed in the District Court, County of Hennepin, Minnesota on or about March 30, 2012, and concerning the Trust.

**RESPONSE TO REQUEST NO. 32**

The Separate Trustee will produce non-privileged responsive documents to this Request.

The Separate Trustee objects to this Request to the extent it is overbroad and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

45287815_1

**DOCUMENT REQUEST NO. 33**

Any and all Documents concerning the drafting, negotiation, or meaning of the Order with Respect to Verified Petition Of Wells Fargo Bank, National Association As Trustee For Instructions In the Administration Of A Trust Pursuant to Minn. Stat. § SOlB.16, entered by the District Court, County of Hennepin, Minnesota on or about June 5, 2012 and concerning the Trust.

**RESPONSE TO REQUEST NO. 33**

The Separate Trustee will produce non-privileged documents responsive to this Request.

The Separate Trustee objects to this Request to the extent it is overbroad and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 34**

Any and all notices the Trustee or You sent or send to the Certificateholders.

**RESPONSE TO REQUEST NO. 34**

The Separate Trustee will produce non-privileged documents responsive to this Request.

The Separate Trustee objects to this Request to the extent it is overbroad and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 35**

Any and all Documents You received in respond [sic] to the Separate Trustee Notices including, without limitation, any Signature Annex and Certification Page You received from any Certificateholder.

**RESPONSE TO REQUEST NO. 35**

The Separate Trustee will produce non-privileged documents responsive to this Request.

The Separate Trustee objects to this Request to the extent it is overbroad and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of

admissible evidence.


PLAINTIFF LAW DEBENTURE TRUST COMPANY
OF NEW YORK, SOLELY IN ITS CAPACITY
AS SEPARATE TRUSTEE OF THE
SECURITIZED ASSET BACKED RECEIVABLES
LLC TRUST 2006-WM2

By: /s/Daniel V. Ward                                         Date: August 18, 2014
ROPES & GRAY LLP
Harvey J. Wolkoff
Daniel V. Ward
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-3600
Tel.: (617) 951-700
Fax: (617) 951-7050
Email: harvey.wolkoff@ropesgray.com
Email: Daniel.ward@ropesgray.com


Thomas D. Goldberg (ct 04386)
Kathryn G. Newman (ct 28708)
DAY PITNEY LLP
One Canterbury Green
201 Broad Street
Stamford, Connecticut 06901
Tel.: (203) 977-7300
Fax: (203) 977-7301
Email: tdgoldberg@daypitney.com
Email: knewman@daypitney.com

45287815_1

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 18, 2014, I caused the foregoing document to be served via e-mail to all counsel of record.

                                              /s/Daniel V. Ward  
                                              Daniel V. Ward