UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TMI TRUST COMPANY, solely in its capacity as Separate Trustee of the Securitized Asset Backed Receivables LLC Trust 2006-WM2,<br><br>Plaintiff,<br><br>v.<br><br>WMC MORTGAGE, LLC f/k/a WMC MORTGAGE CORP.,<br><br>Defendant. | Civil Action No. 3:12-cv-1538 (CSH)<br><br>**December 7, 2017** |

**RULING ON PLAINTIFF'S MOTION TO STRIKE CERTAIN WITNESSES**

**HAIGHT, Senior District Judge:**

Plaintiff TMI Trust Company ("TMI") has filed a motion [Doc. 228] to strike "previously undisclosed witnesses" from the list of trial witnesses submitted by Defendant WMC Mortgage, LLC ("WMC"). Defendant opposes that motion. Counsel for the parties submitted briefs and argued the motion during the course of a hearing before the Court on December 5, 2017. This Ruling resolves the motion.

Trial in this case is scheduled to begin on January 16, 2018. WMC filed a witness list dated November 22, 2017 [Doc. 229-3]. The list "identifies the following witnesses that it may call at the trial in this matter." The list refers to 25 fact witnesses and four expert witnesses. TMI's motion sought an order striking eight of the fact witnesses. TMI contends it is entitled to that relief because "the Federal Rules of Civil Procedure prohibit a party from offering a witness at trial that [*sic*] was

1

not previously disclosed in accordance with Fed. R. Civ. P. 26." Doc. 228 at 1. WMC's opposing papers withdraw two of the eight individuals from the witness list. The remaining contest concerns the other six individuals. They are all current employees of WMC.

Rule 26, upon which TMI relies, contains two provisions with respect to disclosure of individuals. Rule 26(a)(1), captioned "Initial Disclosure," requires each party, "without awaiting a discovery request," to provide to the other parties the name "of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 26(a)(3), captioned "Pretrial Disclosures," provides in Rule 26(a)(3)(A)(i) that each party must provide to the other parties the name "of each witness – separately identifying those the party expects to present and those it may call if the need arises." Rule 26(a)(3)(B) provides that "Unless the court orders otherwise, those disclosures must be made at least 30 days before trial."

In the case at bar, WMC's listing of the six contested individuals as witnesses complied with Rule 26(a)(3), since they were identified as witnesses almost two months before the trial will start, as opposes to the 30 days allowed by the Rule. However, TMI contends that WMC violated Rule 26(a)(1) by not sooner identifying these individuals as having information WMC "may use to support its claims or defenses," and that WMC's failure in that regard is sufficiently egregious to justify preclude them from testifying at the trial (notwithstanding WMC's timely listing under Rule 26(a)(3)).

Assuming without deciding that a party's delay in identifying individuals under Rule 26(a)(1) may be so extreme, and the resulting prejudice to other parties so severe, that an individual may be precluded from testifying at trial even if timely listed as a witness under Rule 26(a)(3), this is not a

2

case where that extreme sanction should be meted out to WMC, the disclosing party. I accept that at an earlier date, WMC could, even arguably should, have identified these six individuals as potential witnesses or sources of probative evidence on WMC's claims or defenses. On the other hand, as this complex and difficult case draws closer to trial, the boundaries of intended or anticipated proof begin to take on the characteristics of (to combine metaphors) a moving target or a moveable feast. For example: The evidence that WMC contemplates eliciting from two of the contested six (Ken Huber and Ian Mitchell) is provoked or inspired by testimony given by a TMI witness, David Gitson, who the Court allowed (over WMC's objection) to give a *de bene esse* deposition which was taken in California just last Friday, December 1. A number of district courts subscribe to the philosophy that "[p]reclusion of evidence is generally a disfavored action," *Preuss v. Kolmar Labs, Inc.*, 970 F. Supp. 2d 171, 175 (S.D.N.Y. 2013) (citing and quoting cases), a sentiment I share, as one charged in this bench trial with fashioning a just result (as opposed to pursuing a tactical advantage).

The just result on this motion, I conclude, is to allow these individuals to testify as witnesses at trial, if between now and then WMC complies with conditions whose purpose is to prevent unfair prejudice to TMI. Those conditions are as follows:

* WMC must forthwith provide counsel for TMI with a detailed written description, in the form of an offer of proof, with respect to the testimony WMC contemplates eliciting from each individual if called as a witness for WMC at trial.

* If requested by counsel for TMI, WMC must present each individual for a deposition by TMI, at a place reasonably requested by TMI, with WMC to bear all expenses of the deposition except for TMI's attorneys' fees. Those depositions must be scheduled in a manner that does not

3

unreasonably interfere with the preparations of TMI's counsel for trial.

The Court relies upon the able attorneys for these parties, acting in characteristic good faith, to agree upon the manner in which these conditions will be satisfied. If disputes arise, the Court will resolve them.

If these conditions are not satisfied in respect of a particular individual, that individual will not be permitted to testify at trial.

The result of this Ruling, entered in the exercise of the Court's discretion, is that Plaintiff's motion to strike the names of the individuals in question from Defendant's witness list is DENIED. This aspect of the case will proceed in a manner consistent with this Ruling.

It is SO ORDERED.

Dated:  New Haven, Connecticut
         December 7, 2017

                                            */s/Charles S. Haight, Jr.*
                                            CHARLES S. HAIGHT, JR.
                                            Senior United States District Judge